UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIAM ADAMS, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>ALL COAST, LLC,<br><br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No._____<br><br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff William Adams (referred to as "Plaintiff" or "Adams") bringing this collective action and lawsuit on behalf of himself and all other similarly situated employees to recover unpaid overtime wages from Defendant All Coast, LLC (referred to as "Defendant" or "All Coast").  In support thereof, he would respectfully show the Court as follows:

### I.  Nature of Suit

1.     Adams' claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2.     The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers … ."  29 U.S.C. § 202(a).  To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime

pay, minimum wage, and recordkeeping requirements for covered employers.  29 U.S.C. §§ 206(a), 207(a), 211(c).

3.      All Coast violated the FLSA by employing Adams and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed."  29 U.S.C. § 207(a)(1).

4.      All Coast violated the FLSA by failing to maintain accurate time and pay records for Adams and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

5.      Adams brings this collective action under 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated employees to recover unpaid overtime wages.

## II.  Jurisdiction & Venue

6.      The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

7.      Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Adams' claims occurred in the Houston Division of the Southern District of Texas.

## III.  Parties

8.      William Adams is an individual who resides in Polk County, Texas and who was employed by All Coast during the last three years.

9. Defendant All Coast, LLC is a Louisiana limited liability company not registered to transact business in Texas. Accordingly, All Coast, LLC may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

10. Whenever it is alleged that All Coast committed any act or omission, it is meant that company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of All Coast or was done in the routine and normal course and scope of employment of the company's officers, directors, vice-principals, agents, servants or employees.

### IV.  Facts

11. All Coast purports to "own[] and operate[] the largest fleet of liftboats for the offshore oil and gas market in the Gulf of Mexico[;]" it does business in the territorial jurisdiction of this Court.

12. All Coast employed Adams as an able-bodied seaman and crane operator from June 2013 through the present; he was primarily responsible for operating a crane that serviced offshore oil and gas platforms.

13. During Adams' employment with All Coast, he was engaged in commerce or the production of goods for commerce.

14. During Adams' employment with All Coast, the company had employees engaged in commerce or in the production of goods for commerce.

15.    During Adams' employment with All Coast, the company had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

16.    During Adams' employment with All Coast, the company had an annual gross volume of sales made or business done of at least $500,000.

17.    All Coast paid Adams on a day-rate basis.

18.    During Adams' employment with All Coast, he regularly worked in excess of forty hours per week.

19.    All Coast knew or reasonably should have known that Adams worked in excess of forty hours per week.

20.    All Coast did not pay Adams overtime "at a rate not less than one and one-half times the regular rate at which he [was] employed."  29 U.S.C. § 207(a)(1).

21.    Instead, All Coast paid Adams a flat sum for each day's work regardless of the number of hours he worked in a workweek.  *See*, 29 C.F.R. § 778.112 (day-rate workers entitled to additional overtime premium).

22.    In other words, All Coast paid Adams for his overtime at a rate less than one and one-half times the regular rate at which he was employed in violation of the FLSA.

23.    All Coast knew or reasonably should have known that Adams was not exempt from the overtime provisions of the FLSA.

24.    All Coast failed to maintain accurate time and pay records for Adams as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

25. All Coast knew or showed a reckless disregard for whether its pay practices violated the FLSA.

26. All Coast is liable to Adams for his unpaid overtime wages, liquidated damages and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

27. All able-bodied seamen and crane operators employed by All Coast are similarly situated to Adams because they (1) have similar job duties; (2) regularly work in excess of forty hours per week; (3) are not paid overtime for the hours they work in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and (4) are entitled to recover their unpaid overtime wages, liquidated damages and attorneys' fees and costs from All Coast pursuant to 29 U.S.C. § 216(b).

## V.  Count One—Failure To Pay Overtime in Violation of 29 U.S.C. § 207(a)

28. Adams adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

29. During Adams' employment with All Coast, he was a nonexempt employee.

30. As a nonexempt employee, All Coast was legally obligated to pay Adams "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" for the hours that he worked over forty in a workweek.  29 U.S.C. § 207(a)(1).

31. All Coast did not pay Adams overtime "at a rate not less than one and one-half times the regular rate at which he [was] employed."  29 U.S.C. § 207(a)(1).

32.    Instead, All Coast paid Adams a flat sum for each day's work regardless of the number of hours he worked in a workweek. *See*, 29 C.F.R. § 778.112 (day-rate workers entitled to additional overtime premium).

33.    In other words, All Coast paid Adams for his overtime at a rate less than one and one-half times the regular rate at which he was employed in violation of the FLSA.

34.    If All Coast classified Adams as exempt from the overtime requirements of the FLSA, he was misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

35.    All Coast knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA. In other words, All Coast willfully violated the overtime requirements of the FLSA.

### VI.  Count Two—Failure To Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

36.    Adams adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

37.    The FLSA requires employers to keep accurate records of hours worked by and wages paid to nonexempt employees. 29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

38.    In addition to the pay violations of the FLSA described above, All Coast also failed to keep proper time and pay records as required by the FLSA.

## VII.  Count Three—Collective Action Allegations

39.      Adams adopts by reference all of the facts set forth above.  *See*, FED. R. CIV. P. 10(c).

40.      On information and belief, other employees have been victimized by All Coast's violations of the FLSA identified above.

41.      These employees are similarly situated to Adams because, during the relevant time period, they held similar positions, were compensated in a similar manner and were denied overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

42.      All Coast's policy or practice of failing to pay overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members.

43.      Since, on information and belief, Adams' experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

44.      All employees of All Coast, regardless of their rates of pay, who were paid at a rate less than one and one-half times the regular rates at which they were employed for the hours that they worked over forty in a workweek are similarly situated.  Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.  The Class is therefore properly defined as:

> All able-bodied seamen and crane operators employed
> by All Coast during the last three years.

45.     All Coast is liable to Adams and the other able-bodied seamen and crane operators for the difference between what it actually paid them and what it was legally obligated to pay them.

46.     Because All Coast knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, the company owes Adams and the other able-bodied seamen and crane operators their unpaid overtime wages for at least the last three years.

47.     All Coast is liable to Adams and the other able-bodied seamen and crane operators in an amount equal to their unpaid overtime wages as liquidated damages.

48.     All Coast is liable to Adams and the other able-bodied seamen and crane operators for their reasonable attorneys' fees and costs.

49.     Adams has retained counsel who are well versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of him and all other putative class members.

## VIII.  Jury Demand

50.     Adams demands a trial by jury.

## IX.  Prayer

51.     Adams prays for the following relief:

> a.  an order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

- 8 -

b.  judgment awarding Adams and the other able-bodied seamen and crane operators all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

c.  prejudgment interest at the applicable rate;

d.  postjudgment interest at the applicable rate;

e.  incentive awards for any class representative(s); and

f.  all such other and further relief to which Adams and the other able-bodied seamen and crane operators may show themselves to be justly entitled.

Respectfully submitted,

MOORE & ASSOCIATES

By: _____

Melissa Moore
State Bar No. 24013189
Federal Id. No. 25122
Curt Hesse
State Bar No. 24065414
Federal Id. No. 968465
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF
WILLIAM ADAMS**