IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

WILLIAM ADAMS                                   CASE NO. 6:16-CV-01426-RFD-PJH

VERSUS                                          JUDGE REBECCA F. DOHERTY

ALL COAST, LLC                         MAGISTRATE JUDGE PATRICK J. HANNA

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant All Coast, LLC ("All Coast" or "Defendant"), through the undersigned counsel, hereby responds to the Complaint filed by Plaintiff William Adams, and would show unto the Court the following:

As to the first paragraph of the Complaint, Plaintiff introduces his cause of action and thus this paragraph does not appear to require a response. To the extent that the Court deems that a response is required, Defendant denies the allegations in this introductory paragraph and specifically denies that Defendant has violated or is liable for any damages under the Fair Labor Standards Act ("FLSA").

### I. Nature of Suit

1.     Defendant admits that Plaintiff alleges violations of the Fair Labor Standards Act of 1931, 29 U.S.C. §§ 201-219. Defendant denies any remaining allegations of paragraph 1.

2.     Defendant admits the allegations of paragraph 2.

3.     Defendant denies the allegations of paragraph 3.

4.     Defendant denies the allegations of paragraph 4.

5.     Defendant admits that Plaintiff attempts to bring a collective action as stated in paragraph 5. Defendant denies the existence of any purported class.

204598.1

## II. Jurisdiction and Venue

6.      Defendant admits that this Court has jurisdiction over claims arising under the FLSA.  Defendant denies the remaining allegations of paragraph 6 and that this Court has jurisdiction over claims involving alleged overtime compensation owed seamen under the FLSA.

7.      Defendant admits that venue is proper in the United States District Court for the Western District of Louisiana, Lafayette Division.  Defendant denies the remaining allegations of paragraph 7.

## III. Parties

8.      Defendant admits that Plaintiff was employed by All Coast as a seaman from June 2013 through October 2014.  Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 8 and therefore denies same.

9.      Defendant admits that it is a Louisiana limited liability company that is not registered to transact business in Texas.  Defendant denies the remaining allegations of paragraph 9.

10.     Paragraph 10 does not appear to require a response from Defendant.  To the extent that the Court deems that a response is required, Defendant denies the allegations in paragraph 10.

## IV. Facts

11.     Defendant admits that it purports to own and operate the largest fleet of liftboats for the offshore oil and gas market in the Gulf of Mexico.  Defendant admits that it does business in the territorial jurisdiction of the United States District Court for the Western District of Louisiana.  Defendant denies the remaining allegations of paragraph 11.

12.     Defendant admits that it employed Plaintiff as a seaman from June 2013 through October 2014.  Defendant denies any remaining allegations of paragraph 12.

13.     Defendant admits the allegations of paragraph 13.

14.     Defendant admits the allegations of paragraph 14.

15.     Defendant admits the allegations of paragraph 15.

16.     Defendant admits the allegations of paragraph 16.

17.     Defendant admits the allegations of paragraph 17.

18.     Defendant denies the allegations of paragraph 18.  Further, Defendant avers that to the extent that Plaintiff worked in excess of forty (40) hours per week, he is not entitled to overtime compensation because he is exempt from the FLSA's overtime requirements.

19.     Defendant denies the allegations of paragraph 19.

20.     Defendant admits that it did not pay Plaintiff overtime at a rate not less than one and one-half times the regular rate at which he was employed.  Further, Defendant avers that to the extent that Plaintiff worked in excess of forty (40) hours per week, he is not entitled to overtime compensation because he is exempt from the FLSA's overtime requirements.

21.     Defendant admits that Plaintiff was paid on a day-rate basis.  Defendant denies any remaining allegations of paragraph 21.

22.     Defendant denies the allegations of paragraph 22.

23.     Defendant denies the allegations of paragraph 23.

24.     Defendant denies the allegations of paragraph 24.

25.     Defendant denies the allegations of paragraph 25.

26.     Defendant denies the allegations of paragraph 26.

27.     Defendant denies the allegations of paragraph 27.

204598.1

### V.  Count One – Failure to Pay Overtime in Violation of 29 U.S.C. § 207(a)

28.    Defendant incorporates by reference paragraphs 1 through 27 above.

29.    Defendant denies the allegations of paragraph 29 and specifically denies that Plaintiff is covered by the FLSA with respect to alleged overtime pay claims.

30.    Defendant denies the allegations of paragraph 30.

31.    Defendant admits that it did not pay Plaintiff overtime at a rate of not less than one and one-half times the regular rate at which he was employed.  Further, Defendant avers that to the extent that Plaintiff worked in excess of forty (40) hours per week, he is not entitled to overtime compensation because he is exempt from the FLSA's overtime requirements.

32.    Defendant admits that Plaintiff was paid on a day-rate basis.  Defendant denies any remaining allegations of paragraph 32.

33.    Defendant denies the allegations of paragraph 33.

34.    Defendant denies the allegations of paragraph 34.

35.    Defendant denies the allegations of paragraph 35.

### VI.  Count Two – Failure to Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

36.    Defendant incorporates by reference paragraphs 1 through 35 above.

37.    Defendant admits that the FLSA requires covered employers to keep certain records.  Defendant denies any remaining allegations of paragraph 37.

38.    Defendant denies the allegations of paragraph 38.

### VII.  Count Three – Collective Action Allegations

39.    Defendant incorporated by reference paragraphs 1 through 38 above.

40.    Defendant denies the allegations of paragraph 40.

41.    Defendant denies the allegations of paragraph 41.

204598.1

4

42.    Defendant denies the allegations of paragraph 42.

43.    Defendant denies the allegations of paragraph 43.

44.    Defendant denies the allegations of paragraph 44.

45.    Defendant denies the allegations of paragraph 45.

46.    Defendant denies the allegations of paragraph 46.

47.    Defendant denies the allegations of paragraph 47.

48.    Defendant denies the allegations of paragraph 48.

49.    Defendant is without knowledge and information sufficient to form a belief as to the allegations of paragraph 49 and therefore denies same.

## VIII.  Jury Demand

50.    Paragraph 50 does not appear to require a response from Defendant.  To the extent that the Court deems that a response is required, Defendant denies any allegations in paragraph 50.

## IX.  Prayer

51.    Defendant denies the allegations of paragraph 51, including its subparts (a) through (f).

52.    Defendant denies all allegations in Plaintiff's Complaint not expressly admitted above.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiff's claims, in whole or in part, are barred by the applicable limitations period and/or jurisdictional prerequisites.

### THIRD DEFENSE

Some or all of the claims asserted in Plaintiff's Complaint are barred by the equitable doctrines of laches, waiver, estoppel, and/or unclean hands.

### FOURTH DEFENSE

Plaintiff and/or some or all of the members of the alleged group of individuals which Plaintiff purports to represent, the existence of which is expressly denied, have failed to comply with their legal duty to mitigate their alleged damages.

### FIFTH DEFENSE

Plaintiff and the members of the alleged group of individuals which Plaintiff purports to represent, the existence of which is expressly denied, are seaman and therefore are exempt from the overtime provisions of the FLSA.

### SIXTH DEFENSE

The Complaint fails to state a claim for which liquidated damages may be granted.

### SEVENTH DEFENSE

Denying any violation, Defendant pleads alternatively (a) that any violation was unintended, that Defendant had reasonable grounds for believing that it was in compliance, that the violation occurred despite its good faith efforts to comply and (b) that no violation was willful.

### EIGHTH DEFENSE

If Plaintiff has commenced or continued a bankruptcy proceeding in which he has obtained material benefits without first disclosing to the court the existence of the claims made here, then the claims are the property of the bankruptcy estate and Plaintiff is precluded from asserting the claims here.

204598.1

6

## NINTH DEFENSE

Defendant reserves the right to plead, assert, and rely upon all proper affirmative defenses lawfully available, including those which may be disclosed or discovered during the course of this litigation.

## TENTH DEFENSE

Plaintiff cannot satisfy the requirements of a collective action under the FLSA and some or all of the claims asserted in the Complaint are barred because Plaintiff is not similarly situated to the group of individuals he purports to represent, the existence of which are denied, and/or the members of the group of individuals he purports to represent are not similarly situated to each other.

## ELEVENTH DEFENSE

The types of claims alleged by Plaintiff on behalf of himself and the group of individuals which he purports to represent, the existence of which is denied, are matters in which individual questions predominate and, accordingly, are not appropriate for collective treatment.

## TWELFTH DEFENSE

Plaintiff lacks standing to bring some or all of his claims.

## THIRTEENTH DEFENSE

Denying any violation, Defendant avers that Plaintiff and the group of individuals which he purports to represent, the existence of which is denied, received payments which should not be included in the regular rate pursuant to 29 U.S.C. §207(e).

And now having answer the Complaint and asserting certain affirmative defenses, Defendant respectfully requests that the Court enter judgment in its favor and award it the fees and costs incurred in defense of this suit.

Respectfully submitted, this the 31st day of October, 2016.


**ALL COAST, LLC**

BALCH & BINGHAM LLP

BY:    s/ *Armin J. Moeller, Jr.*
          Armin J. Moeller, Jr. (LA#9523)
          Ashley Eley Cannady (pro hac vice)
          BALCH & BINGHAM LLP
          188 E. Capitol Street, Suite 1400
          Jackson, MS 39201
          Telephone: (601) 961-9900
          Facsimile:  (601) 961-4466
          amoeller@balch.com

204598.1

8

## CERTIFICATE OF SERVICE

I, the undersigned counsel, do hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the ECF system.

This the 31st day of October, 2016.

s/ *Armin J. Moeller, Jr.*
ARMIN J. MOELLER, JR.

204598.1

9