UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WILLIAM ADAMS | *CIVIL NO. 6:16-1426 |
| VERSUS | *JUDGE DOHERTY |
| ALL COAST, LLC. | *MAGISTRATE JUDGE HANNA |

NOTIFICATION OF CONVERSION OF MOTION TO DISMISS TO MOTION FOR SUMMARY JUDGMENT AND ORDER SETTING BRIEFING DEADLINES

On October 31, 2016, defendant All Coast, LLC filed a Motion to Dismiss pursuant to Rule 12(b)(6), FRCP, filed by All Coast, LLC ("All Coast"). [rec. doc. 16]. Plaintiff, William Adams ("Adams"), has filed Opposition. [rec. doc. 25]. By this Motion, All Coast seeks dismissal of this collective action filed under Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. because Adams alleges in his Complaint that he was employed as an able-bodied seaman, and seamen are exempt from the overtime requirements of the FLSA, and because Adams' allegations regarding All Coast's alleged failure to maintain accurate records are insufficient to state a claim for relief. [rec. doc. 16].

By Opposition, Adams argues that he alleges that he was employed as "an able-bodied seaman and crane operator [and that he] was primarily responsible for operating a crane that serviced offshore oil and gas platforms." He further argues that his job title

alone is insufficient to establish the exempt status of an employee, but rather such determination requires All Coast to present facts sufficient for this Court to conclude Adams was employed primarily as a seaman as opposed to primarily as a crane operator.

> Rule 12(d) of the Federal Rules of Civil Procedure provides the following:
>
> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed.R.Civ.P 12(d).

A review of the record shows that in response to the plaintiff's Opposition, All Coast has submitted documents which are not part of the plaintiff's complaint filed in this matter, which documents the court will not exclude. These documents include an affidavit of All Coast Vessel Manager Jeff Jarred, attached to which is the All Coast Job Description for Able-Bodied Seamen, attesting to the fact Adams was employed as an able-bodied seaman and setting forth facts to establish his seaman status. Thus, the motion must be treated as a motion for summary judgment under Rule 56.

> Rule 56(d) of the Federal Rules of Civil Procedure provides the following:
>
> If a non-movant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court

may. . . (2) allow time to obtain affidavits or declarations or to take discovery. . .

Fed.R.Civ.P 56(d).

Accordingly,

The parties are hereby **NOTIFIED** that the motion to dismiss is converted into a motion for summary judgment.

**IT IS HEREBY ORDERED** that the parties have until **January 6, 2016** to submit any original or additional materials that bear on the issues raised in the motion to dismiss, hereafter to be considered a motion for summary judgment.

**IT IS HEREBY ORDERED** that to the extent that Adams contends that he cannot properly oppose the Motion for Summary Judgment without first obtaining discovery, counsel shall notify the Court by email to hanna_orders@lawd.uscourts.gov.

Signed at Lafayette, Louisiana on December 9, 2016.

_____
**PATRICK J. HANNA**
**UNITED STATES MAGISTRATE JUDGE**