UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| WILLIAM ADAMS, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | No. 6:16-CV-01426-RFD-PJH |
| v. | § § | JURY TRIAL DEMANDED |
| ALL COAST, LLC, | § § | |
| Defendant. | § | |

## PLAINTIFFS' MOTION FOR
## CLASS CERTIFICATION & EXPEDITED DISCOVERY

Respectfully Submitted,

MOORE & ASSOCIATES

By: _____

Melissa Moore
State Bar No. 24013189
Federal Id. No. 25122
Curt Hesse
State Bar No. 24065414
Federal Id. No. 968465
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFFS**

# TABLE OF CONTENTS

Table of Contents ......................................................................................................... ii

Table of Authorities ..................................................................................................... iii

I.    Statement of the Case ........................................................................................ 1

II.   Definition of Class ............................................................................................. 2

III.  Description of Claims ........................................................................................ 2

      A.  Statement of Facts ..................................................................................... 2

      B.  All Coast Violated the FLSA ..................................................................... 3

IV.   Authority for Class Certification ...................................................................... 7

V.    Prerequisites to Class Certification .................................................................. 9

VI.   Proposed Notice ................................................................................................ 11

VII.  Other Matters .................................................................................................... 11

VIII. Conclusion ........................................................................................................ 12

Signature ...................................................................................................................... 12

Certificate of Service ................................................................................................... 12

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Acevedo v. Allsup's Convenience Stores, Inc.*,
  600 F.3d 516 (5th Cir. 2010)....................................................................8

*Anderson v. Mt. Clemens Pottery Co.*,
  328 U.S. 680 (1946)..............................................................................4

*Beliz v. McLeod*,
  765 F.2d 1317 (5th Cir. 1985)................................................................4

*Belt v. Emcare Inc.*,
  299 F. Supp. 2d 664 (E.D. Tex. 2003) ....................................................8

*Castillo v. Givens, Inc.*,
  704 F.2d 181 (5th Cir. 1983)..................................................................4

*Donovan v Univ. of Tex.*,
  643 F.3d 1201 (5th Cir. 1981)................................................................8

*Dunlop v. Industrial America Corp.*,
  516 F.2d 498 (5th Cir. 1975)...............................................................4, 5

*Flowers v. MGTI, LLC*,
  No. H-11-1235,
  2012 U.S. Dist. LEXIS 73900 (S.D. Tex. May 29, 2012) .....................11

*Gandhi v. Dell Inc.*,
  No. A-08-CA-248,
  2009 WL 1940144 (W.D. Tex. Jul. 2, 2009) ........................................8, 9

*Gibson v. NCRC, Inc.*,
  No. H-10-1409,
  2011 U.S. Dist. LEXIS 77591 (S.D. Tex. Jul. 18, 2011)....................9, 10

*Granchelli v. P&A Interests, Ltd.*,
  No. H-11-4514,
  2013 U.S. Dist. LEXIS 14540 (S.D. Tex. Feb. 4, 2013)..........................1

*Hoffman-La Roche v. Sperling*,
  493 U.S. 165 (1989) .........................................................................8, 11

*Jones v. Cretic Energy Servs., LLC.*,
　　No. H-15-0051,
　　2015 U.S. Dist. LEXIS 164786 (S.D. Tex. Dec. 9, 2015) .................................... 11

*Lee v. Veolia ES Indus. Servs.*,
　　No. 1:12-cv-136,
　　2013 U.S. Dist. LEXIS 74193 (E.D. Tex. Apr. 12, 2013) .................................... 10

*Lusardi v. Xerox, Corp.*,
　　118 F.R.D. 351 (D.N.J. 1987) ................................................................................. 8

*Mares v. Wood Group Mustang, Inc.*,
　　No. H-14-089,
　　2015 U.S. Dist. LEXIS 1018 (S.D. Tex. Jan. 6, 2015) ........................................... 4

*Martinez v. Bally's Louisiana, Inc.*,
　　244 F.3d 474 (5th Cir. 2001) ................................................................................... 4

*McKnight v. D. Houston, Inc.*,
　　756 F. Supp. 2d 794 (S.D. Tex. 2010) ..................................................................... 9

*Mooney v. Aramco Svcs. Co.*,
　　54 F.3d 1207 (5th Cir. 1995) ........................................................................... 1, 8, 9

*Murray v. Stuckey's, Inc.*,
　　939 F.2d 614 (8th Cir. 1991) ................................................................................... 4

*Sandoz v. Cingular Wireless*,
　　553 F.3d 913 (5th Cir. 2008) ............................................................................... 8, 9

*Sedtal v. Genuine Parts Co.*,
　　No. 1:08-CV-413,
　　2009 U.S. Dist. LEXIS 63261 (E.D. Tex. July 23, 2009) ....................................... 7

*Shushan v. Univ. of Colo. at Boulder*,
　　132 F.R.D. 263 (D. Colo. 1990) .............................................................................. 8

*Skipper v. Superior Dairies*,
　　512 F.2d 409 (5th Cir. 1979) ................................................................................... 4

**Statutes**

29 U.S.C. § 203(g) ................................................................................................ 4

29 U.S.C. § 203(r) ................................................................................................. 5

29 U.S.C. § 203(s)(1) ............................................................................................ 5

29 U.S.C. § 203(s)(1)(A) ....................................................................................... 5

29 U.S.C. § 206(a) ......................................................................................... 4, 5, 10

29 U.S.C. § 206(a)(1) ............................................................................................ 3

29 U.S.C. § 207(a) ............................................................................................. 4, 5

29 U.S.C. § 207(a)(1) ............................................................................................ 3

29 U.S.C. § 211(c) ............................................................................................. 4, 6

29 U.S.C. § 216(b) ........................................................................................ 1, 2, 7, 11

29 U.S.C. §§ 201-219 ............................................................................................ 1

**Rules**

FED. R. CIV. P. 23 .................................................................................................. 1

FED. R. CIV. P. 26(b)(1) ......................................................................................... 11

**Regulations**

29 C.F.R. § 516.27 ................................................................................................. 4

29 C.F.R. pt. 516 ............................................................................................... 4, 6

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Plaintiff William Adams (referred to as "Plaintiff" or "Adams") and files this motion for class certification[1] and expedited discovery. In support thereof, he would respectfully show the Court as follows:

## I.    Statement of the Case

Adams filed a putative collective action lawsuit against All Coast, LLC (referred to as "Defendant" or "All Coast") on August 2, 2016, alleging that the company violated the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219, ("FLSA") by, among other things, failing to pay him and others similarly situated overtime for hours worked in excess of forty per workweek. (Pl.'s Compl. (Dkt. 1) ¶¶ 28-49.) Three other individuals (i.e., Ervin Thibodeaux, Virgil Sam, and William Jones) have exercised their statutory rights to join this lawsuit by consenting in writing to become parties to it pursuant to 29 U.S.C. § 216(b).[2] (Thibodeaux Consent (Dkt. 42); Sam Consent (Dkt. 41); Jones Consent (Dkt. 47).) All Coast generally denies that it is liable to Plaintiff or that any of the company's current or former employees are similarly situated to him. (Def.'s Answer (Dkt. 15).) Now, however, because the evidence establishes that Adams is similarly situated to other current and former day-rate employees of All Coast, he requests that the Court

---

[1] This is a collective action under 29 U.S.C. § 216(b) and not a class action under FED. R. CIV. P. 23. However, since "most courts utilize class action terminology from Rule 23 cases[,]" Plaintiffs will do so here. *Mooney v. Aramco Svcs. Co.*, 54 F.3d 1207, 1212 (5th Cir. 1995).

[2] "Individuals who already know about [a collective action] suit and want to join as additional plaintiffs need not wait until certification and notice to do so." *Granchelli v. P&A Interests, Ltd.*, No. H-11-4514, 2013 U.S. Dist. LEXIS 14540, at *5-*6 (S.D. Tex. Feb. 4, 2013).

conditionally certify this case as a collective action pursuant to 29 U.S.C. § 216(b) and authorize the issuance of notice to members of the putative class.

## II.     Definitions of Classes

Adams request that the Court conditionally certify the following class pursuant to 29 U.S.C. § 216(b):

> All day-rate workers employed by All Coast, LLC during the last three years.

## III.     Description of Claims

### A.     Statement of Facts

All Coast purports to "own[] and operate[] the largest fleet of liftboats for the offshore oil and gas market in the Gulf of Mexico." Ex. A, All Coast Website Homepage, https://www.allcoastllc.com/. Adams worked on All Coast's liftboats as an "able-bodied seaman", though his job duties more closely resembled that of a crane operator. Ex. B, Adams Decl. at ¶ 5. As such, able-bodied seaman employed by All Coast are primarily responsible for manually operating the crane on the liftboat and lifting, moving, and positioning different types of loads. Ex. B, Adams Decl. at ¶ 6. Thibodeaux, who is one of the opt-ins, had a similar experience during his employment with All Coast. Essentially, Adams and those whom he seeks to represent work(ed) on liftboats owned by All Coast that are equipped with cranes for carrying equipment and supplies to support offshore drilling rigs. Ex. A, All Coast Website Homepage, https://www.allcoastllc.com/. They usually worked 12 hours shifts, totaling 84 hours per week, and sometimes more. Ex. B, Adams Decl. at ¶¶ 8, 10; Ex. C, Thibodeaux Decl. ¶¶ 10, 12. All employees, regardless of

job title, were paid a day rate without overtime. Ex. B, Adams Decl. at ¶ 11; Ex. C, Thibodeaux Decl. at ¶ 13.

Adams and the other day-rate workers spent a significant amount of time performing duties that are related to oil and gas operations as opposed to seaman's work. Ex. B, Adams Decl. at ¶ 5; Ex. C, Thibodeaux Decl. at ¶ 6. For example, Plaintiff Adams' primary job duty was to operate the crane on the vessel that is designed to lift and move loads from the liftboat to the offshore drilling rig. Ex. B, Adams Decl. at ¶ 6.; *see also*, Ex. C, Thibodeaux Decl. ¶ 8.

## B.     All Coast Violated the FLSA

The FLSA requires covered employers to pay nonexempt employees at one and one-half times their regular rates for all hours worked in excess of forty during a workweek. 29 U.S.C. § 207(a)(1). It also requires employers to maintain certain records to document compliance with the minimum wage and overtime requirements of the Act.[3, 4]  29 U.S.C. §

---

[3] Specifically, an employer must maintain the following records: (1) the employee's personal identifying information and (2) essential wage and hour information (i.e., pay period and date of payment, basic pay rate, daily and weekly hours, straight time and overtime earnings, additions to and deductions from wages, and total wages paid each pay period). 29 C.F.R. § 516.27.

[4] In cases where the employer fails to discharge its duty to maintain accurate time records as required by 29 U.S.C. § 211(c) and 29 C.F.R. § 516.27, the burden of proof shifts from the employee to the employer. "In such a situation … an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946); *Beliz v. McLeod*, 765 F.2d 1317, 1330 (5th Cir. 1985); *Castillo v. Givens, Inc.*, 704 F.2d 181, 194-95 (5th Cir. 1983); *Skipper v. Superior Dairies*, 512 F.2d 409, 419-20 (5th Cir. 1979). The employer cannot be heard to complain about the imprecision of the employee's proof, since it was the employer's failure to maintain complete and accurate pay and time records that made the relaxed burden of proof necessary, and the employee should not be penalized by this default on the part of the employer. *Mt. Clemens Pottery Co.*, 328 U.S. at 680.

211(c); 29 C.F.R. pt. 516. To establish a prima facie violation of the FLSA, a plaintiff generally must show (1) the existence of an employment relationship with the defendants; (2) that the employee was covered by the FLSA; (3) that the employer had actual or constructive knowledge of overtime worked or wage payments in violation of the FLSA; and (4) the amount owed.[5] 29 U.S.C. §§ 203(g), 206(a), 207(a); *Mt. Clemens Pottery Co.*, 328 U.S. at 687; *Murray v. Stuckey's, Inc.*, 939 F.2d 614, 621 (8th Cir. 1991).

With respect to the first element, All Coast has judicially admitted[6] that it employed Adams. (Def's. Answer (Dkt. 15) ¶ 8.) With respect to the second element, there are two types of coverage under the FLSA: individual coverage and enterprise coverage. *Dunlop v. Industrial America Corp.*, 516 F.2d 498, 500-501 (5th Cir. 1975). On the one hand, an employee is individually covered where he is "engaged in commerce or in the production of goods for commerce"; on the other hand, all of the employees of an "enterprise" are covered (regardless of whether they are individually engaged in commerce) if the statutory requirements are met. *Id.*; *see also*, 29 U.S.C. §§ 206(a), 207(a). The FLSA defines "enterprise" as follows:

> "Enterprise" means the related activities performed (either through unified operation or common control) by any person or persons for a common business purpose, and includes all such activities whether performed in one or more establishments or by one or more corporate or other organizational units including departments of an establishment operated through leasing arrangements[.]

---

[5] The amount owed is subject to the burden-shifting principles discussed in *supra* note 4.

[6] A judicial admission—i.e., "a formal concession in the pleadings" of a fact "that has the effect of withdrawing [the] fact from contention[]"—"is conclusive[.]" *Mares v. Wood Group Mustang, Inc.*, No. H-14-089, 2015 U.S. Dist. LEXIS 1018, at *5 (S.D. Tex. Jan. 6, 2015) (Rosenthal, J.) (quoting *Martinez v. Bally's Louisiana, Inc.*, 244 F.3d 474, 476 (5th Cir. 2001)).

29 U.S.C. § 203(r).  Section 203(s)(1) provides that such an enterprise

> (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and

> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated);

29 U.S.C. § 203(s)(1)(A).  In this case, All Coast has judicially admitted[7] that it is a covered enterprise.  (Def's. Answer (Dkt. 15) ¶¶ 13-16.)

With respect the final two elements, All Coast's pay practices plainly violate the FLSA.  Pay period after pay period, Adams and others worked 12 hours shifts, 14 days in a row but were paid a fixed sum for the day's work—i.e., they were not paid a statutory overtime premium for the hours they worked over 40 in a workweek. Ex. D, Adams Paystub.  29 U.S.C. § 207(a).  Failing to pay a premium for hours worked over 40 in a workweek means that All Coast employees did not receive the overtime to which they were lawfully entitled.  29 C.F.R. § 778.112 (day-rate workers entitled to overtime).  Lastly, All Coast violated the FLSA's recordkeeping requirements.  *See generally*, 29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

## C.    All Coast Failed to Pay Overtime

All Coast employed Adams as an "able-bodied seaman." Ex. B, Adams Decl. at ¶ 5. However, the title is misleading; Adams worked primarily operating a crane that was used in oil and gas operations. Ex. B, Adams Decl. at ¶ 6. It is exactly the same type of

---

[7] See *supra* note 6.

work performed on land-based oil and gas rigs.  Adams' work schedule was two weeks on, two weeks off; he worked at least a 12-hour shift each day he was on-duty. Ex. E, Def.'s Interrog. Resp. No. 4. Typically, he would work at least 84 hours per week during the weeks he was working, but was only ever paid his day rate. Ex. B, Adams Decl. at ¶ 9. Like Adams, Opt-In Plaintiff Thibodeaux was employed by All Coast primarily to support oil and gas operations offshore by, for example, loading and operating the crane and preparing food for the employees working on the crane. Ex. C, Thibodeaux Decl. at ¶¶ 7-8.

All Coast claims that Adams is exempt from the FLSA's overtime requirements. (Def.'s Answer (Dkt. 15) ¶ 20.)  Specifically, it claims that Adam's primary job duty was "in furtherance of the operation of the vessel as a means of transportation." Ex. E, Def.'s Interrog. Resp. No. 10. However, Plaintiff Adams' foremost responsibility aboard the vessel was to operate the crane used in connection with loading and unloading materials or people. Ex. B, Adams Decl. ¶ 6. Whether an employee is exempt as a seaman within the meaning of the FLSA depends on the character of the work he actually performs and not on a job title or the place where the work is performed. *Martin v. Bedell*, 955 F.2d 1029, 1035 (5th Cir. 1992); 29 C.F.R. § 783.33 (citing *Walling v. W.D. Haden Co.*, 153 F.2d 196 (5th Cir. 1946)).[8] When a worker performs both seaman's work and nonseaman's work, he is a seaman unless his nonseaman's work is substantial in amount. *Martin v. Bedell*, 955

---

[8] In *W.D. Haden*, 153 F.2d at 199, the Court expressly states that the FLSA does not exempt seaman, but those "employed as a seaman", an important difference. For example, the *W.D. Haden* court observed that if cooks are employed on a vessel spending more than 20% of their time feeding industrial workers more so than ship workers, then they are entitled to overtime under the FLSA.

F.2d at 1036 (citing 29 C.F.R. § 783.33). Nonseaman's work is substantial if it "occupies more than 20 percent of the time worked by the employee during the workweek." *Id.* The evidence conclusively establishes that Adams and those whom he seeks to represent spent more than 20% of their working time engaged in nonseaman's work. However, an analysis of All Coast's defenses is not necessary at this point because courts *do not* consider a defendant's arguments on the merits when deciding whether to conditionally certify a class. *See, e.g.*, *Gandhi*, 2009 WL 1940144 at *34.

### IV. Authority for Class Certification

The FLSA expressly allows a collective action to "be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). "A collective action [under the FLSA] is similar to a class action brought under Rule 23 of the Federal Rules of Civil Procedure. But, it is different from a class action in that absent class members do not share in the recovery (and are not bound by the judgment) unless they specifically opt into the class upon receiving notice of the action." *Sedtal v. Genuine Parts Co.*, No. 1:08-CV-413, 2009 U.S. Dist. LEXIS 63261, at *4–*5 (E.D. Tex. July 23, 2009) (citing *Belt v. Emcare Inc.*, 299 F. Supp. 2d 664, 665 (E.D. Tex. 2003)) (internal citation omitted). A collective action "prevents piecemeal litigation, inconsistent adjudications, and difficult res judicata issues." *Belt*, 299 F. Supp. 2d at 655 (citing *Donovan v Univ. of Tex.*, 643 F.3d 1201, 1206-1207 (5th Cir. 1981)).

A district court may conditionally certify an FLSA collective action and authorize notice to potential class members so that they may choose whether to opt into the lawsuit if the plaintiff shows that he is "similarly situated" to those whom he purports to represent. *Hoffman-La Roche v. Sperling*, 493 U.S. 165, 169 (1989).   Courts recognize two approaches to determine whether to authorize notice to similarly situated employees: the two-stage method set forth in *Lusardi v. Xerox, Corp.*, 118 F.R.D. 351 (D.N.J. 1987), and the spurious class action approach in *Shushan v. Univ. of Colo. at Boulder*, 132 F.R.D. 263 (D. Colo. 1990).   Although the Fifth Circuit has not formally adopted either method, virtually all of the courts in this circuit use the two-stage *Lusardi* approach.  *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 519 (5th Cir. 2010) (noting that neither method has been formally adopted); *Sandoz v. Cingular Wireless*, 553 F.3d 913, 915 n.2 (5th Cir. 2008) (observing that most cases proceed using the two-step *Lusardi* approach). Since *Lusardi* is the preferred approach, only that method will be addressed.

Under *Lusardi* and its progeny, the first stage is the "notice stage."  *Mooney*, 54 F.3d at 1213-14.   At the notice stage, the sole issue is whether to authorize notice to potential class members.  *Id*.  The Court *does not* consider a defendant's arguments on the merits.  *Gandhi v. Dell Inc.*, No. A-08-CA-248, 2009 WL 1940144, at *34 (W.D. Tex. Jul. 2, 2009).   The decision is often based only on the pleadings and affidavits of the parties. *Id*.; *see also*, *Sandoz*, 553 F.3d at 915 n.2.  "Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class" that provides potential class members with notice and the opportunity to opt in.  *Mooney*, 54 F.3d at 1214 (internal footnote omitted).  The

case then proceeds as a collective action throughout discovery. *Id*. at 1213-14. The second stage normally occurs after the parties have largely completed discovery and the defendant moves for decertification. *Sandoz*, 553 F.3d at 915 n.2. At that point, "the court must make a factual determination as to whether there are similarly-situated employees who have opted in. If so, the collective action may proceed, and if not, the court must dismiss the opt-in employees, leaving only the named plaintiff's original claims." *Id*. (internal citations omitted).

## V. Prerequisites to Class Certification

This case is at the notice stage. *Mooney*, 54 F.3d at 1213-14. To prevail, Adams must make a minimal showing that: (1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved are similarly situated to him in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt into the lawsuit.[9] *McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794, 801 (S.D. Tex. 2010). As an initial matter, the declarations and other evidence attached to this motion clearly establish that All Coast violated 29 U.S.C. § 207(a) by paying their non-exempt employees a day-rate without overtime. *See*, 29 C.F.R. § 778.112 (day-rate workers entitled to overtime).

The attached declarations and other evidence clearly show that All Coast paid Adam and other employees a fixed sum for each day's work without any overtime premium for

---

[9] Courts in this circuit are divided on whether a named plaintiff must actually show that others are interested in joining the lawsuit. *See, e.g.*, *Gibson v. NCRC, Inc.*, No. H-10-1409, 2011 U.S. Dist. LEXIS 77591, at \*19-\*21 (S.D. Tex. Jul. 18, 2011) (Rosenthal, J.) (noting that there is no requirement to show that others are interested in joining lawsuit).

the hours they worked over 40 in a workweek.  Ex. B, Adams Decl. ¶¶ 9-10; Ex. C, Thibodeaux Decl. ¶¶ 11-12.  The evidence also establishes that more than 20% of Adams' time was spent performing nonseaman's work.  Ex. B, Adams Decl. ¶ 6; Ex. C. Thibodeaux Decl. ¶¶ 7-8.  Furthermore, the written consents of Thibodeaux, Sam, and Jones that have been filed subsequent to the filing of this lawsuit show that other putative class members exist, are similarly situated to Adams and want to recover their unpaid regular and overtime wages from All Coast.  *See, e.g.*, *Lee v. Veolia ES Indus. Servs.*, No. 1:12-cv-136, 2013 U.S. Dist. LEXIS 74193, at *20-*21 (E.D. Tex. Apr. 12, 2013) (noting that the presence of opt-ins shows interest); *but cf.*, *Gibson*, 2011 U.S. Dist. LEXIS 77591 at *19-*21 (noting that there is no requirement to show that others are interested in joining lawsuit). Therefore, the Court should grant Adams' motion for class certification and authorize notice to potential class members.

### VI.  Proposed Notice

A collective action depends "on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Hoffmann-La Roche*, 493 U.S. at 170.  The proposed notice meets the requirements set forth in *Hoffman-La Roche* because it accurately describes the claims being made against All Coast, the prohibition against retaliation, and the procedure for joining the lawsuit.  *See*, Ex. F, Proposed Notice to Potential Class Members.  Adams requests that the notice be sent to potential class members by first class and electronic mail. *See*, *Flowers v. MGTI, LLC*, No. H-11-1235, 2012 U.S. Dist. LEXIS 73900, at *14 (S.D. Tex. May 29, 2012) (notices sent by first class mail); *See also*, *Jones v. Cretic Energy*

- 10 -

*Servs., LLC.*, No. H-15-0051, 2015 U.S. Dist. LEXIS 164786, at *31 (S.D. Tex. Dec. 9, 2015) (notices sent by email).  Adams also requests that the Court fix a postmark deadline for the return of consent forms of 60 days from the date the notices are mailed and that a reminder notice be sent 30 days before the deadline to join.  *See*, *id*.  Class counsel will oversee the implementation of notice and cover any associated costs.

## VII.  Other Matters

So notice may be timely implemented, Adams requests that All Coast produce verified contact information (i.e., names and last known addresses and email addresses) for all putative class members who worked for All Coast who on or after April 2014.  Ex. G, Proposed Affidavit of All Coast Representative.  *See*, *Flowers*, 2012 U.S. Dist. LEXIS 73900, at *13-*14.  This information is discoverable as a matter of right even in the absence of a collective action, because these other employees are persons with relevant knowledge.  FED. R. CIV. P. 26(b)(1); *Hoffman-La Roche*, 493 U.S. at 170 (discovery of names and address of similarly situated employees is permissible regardless of whether lawsuit has been certified as a collective action).

## VIII.  Conclusion

At its core, this is a straightforward of failure to pay overtime in violation of the FLSA.  And since Adams and those whom he seeks to represent are all victims of a uniform pay practices that violate the FLSA, the Court should (1) conditionally certify this case collective action pursuant to 29 U.S.C. § 216(b); (2) authorize the issuance of notice to potential class members; and (3) order All Coast to produce verified contact information for all putative class members so that notice may be timely implemented.

Respectfully Submitted,

MOORE & ASSOCIATES

By: *Melissa Moore*
      Melissa Moore
      State Bar No. 24013189
      Federal Id. No. 25122
      Curt Hesse
      State Bar No. 24065414
      Federal Id. No. 968465
      Lyric Center
      440 Louisiana Street, Suite 675
      Houston, Texas 77002
      Telephone: (713) 222-6775
      Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFFS**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on April 20, 2017, I filed this motion with the Court's CM/ECF system which will send notification of such filing to the all counsel of record.

*Melissa Moore*
Melissa Moore

- 12 -