IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

WILLIAM ADAMS                                        CASE NO. 6:16-CV-01426-RFD-PJH

VERSUS                                               JUDGE REBECCA F. DOHERTY

ALL COAST, LLC                                       MAGISTRATE JUDGE PATRICK J. HANNA

RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION FOR CLASS CERTIFICATION AND EXPEDITED DISCOVERY

COMES NOW, All Coast, LLC ("All Coast") and submits its Response in Opposition to Plaintiff's Motion for Class Certification and Expedited Discovery. In support, All Coast states as follows:

I.   Background Facts

Plaintiff William Adams was employed by All Coast from July 1, 2013 through October 23, 2014 as an able-bodied seaman. Exhibit A at ¶ 4. All Coast classified him as exempt from the overtime requirements of the FLSA pursuant to the seaman exemption. Exhibit A at ¶ 3.

In seeking to bring a collective action on behalf of similarly situated employees, Plaintiff's Complaint defines those similarly situated to Plaintiff as "[a]ll able-bodied seaman and crane operators employed by All Coast" and affirmatively states that the "[c]lass is therefore properly defined as: All able-bodied seamen and crane operators employed by All Coast during the last three years." [Doc. 1 at ¶ 27 and ¶ 44]. All Coast has employed seamen in the job classification of able-bodied seamen. Exhibit A at ¶ 4. All Coast has never employed seamen or any employee as a "crane operator" or similar job classification. Exhibit A at ¶ 4. Indeed, the Coast Guard's Certificates of Inspection for each of All Coast's liftboats specifying the minimum crew requirements for each vessel to sail, require on many boats, an able-bodied

209841.3

seaman, an ordinary seaman or a deckhand, but conspicuously do not mention the existence of any job classification/position of "crane operator" relating to any requirement for the operation/navigation of the vessel. Exhibit A at ¶ 9; Exhibits A-6, A-7, A-8 and A-9.

Depending on the size of the liftboat, the classifications required for a liftboat to sail can include: captain; mate; able-bodied seaman; ordinary seaman; engineer (licensed or unlicensed depending upon the vessel); and deckhand. Exhibit A at ¶ 10.

Since the filing of the Complaint, four opt-in Plaintiffs have filed consents with this Court. Captain Virgil Sam, Sr. was employed by All Coast as a Captain beginning July 1, 2013. His last day of work was June 3, 2015. His job description is attached as Exhibit A-1.

Ervin Thibodeaux was employed by All Coast as a Captain from July 1, 2013, until August 9, 2015, at which time he was employed as a cook until his last day of work on December 30, 2015. His job description of cook is attached as Exhibit A-2.

William Jones was employed by All Coast as mate from July 1, 2014 until January 12, 2014. He then was employed as a training captain until July 12, 2014. At that time, he was demoted to a mate. His last date worked was October 1, 2014. Mr. Jones' job description of mate is attached as Exhibit A-3. However, Mr. Jones' consent was not filed until April 10, 2017, well after the two year statute of limitations expired. [Doc. 47].

Finally, Virgil Sam, Jr. was employed by All Coast as a deckhand on July 1, 2013. At the time of his separation from employment on March 17, 2014, he was employed as an ordinary seaman. Job descriptions for those positions are attached in Exhibits A-4 and A-5. However, as with Mr. Jones, Mr. Sam's consent was not filed until May 2, 2017, well after the statute of limitations expired. [Doc. 52].

Not a single alleged opt-in Plaintiff is similarly situated to Plaintiff as pled in his Complaint or as shown through the documents submitted to this Court. None of the alleged opt-in Plaintiffs has shown to what extent, on a workweek by workweek basis, they operated a crane aboard an All Coast liftboat; that such operation constituted industrial type work versus seaman work exempt from overtime under the FLSA; and how and in what work weeks such industrial work amounted to 20% or more of hours worked.

II. **Applicable Law and Analysis**

    A. **Plaintiff Has Not Satisfied the Standard for Conditional Class Certification**

Courts may apply one of two approaches when determining whether to conditionally certify a collective action under the FLSA. *Lima v. Int'l Catastrophe Solutions, Inc.*, 493 F. Supp. 2d 793, 797 (E.D. La. 2007). The two-stage or *Lusardi* approach is most often utilized in the Fifth Circuit. *Treme v. HKA Enters., Inc.*, 2008 WL 941777, at * 2 (W.D. La. April 7, 2008) (citations omitted). The two stages are (1) the notice stage and (2) the certification stage. *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995), overruled on other grounds by *Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003). Plaintiff opted to argue for conditional certification under *Lusardi* only.

At the notice stage, the Court must determine whether "conditional certification should be granted and whether notice of the action and right to opt-in should be given to potential class members." *Lima*, 493 F. Supp. 2d 798. "Before conditionally certifying a class and authorizing notice to potential plaintiffs, the court must also satisfy itself that there are other similarly situated employees of defendants who desire to opt-in to the litigation." *Songer v. Dillon Res., Inc.*, 569 F. Supp. 2d 703, 707 (N.D. Tex. 2008) (citations omitted). If a class is conditionally

certified, then the Court must determine whether the class should be maintained for purposes of a trial.

At the notice stage, it is Plaintiff's burden to show the existence of similarly situated individuals through pleadings, affidavits, and other documentation. *Id*.; *Treme*, 2008 WL 941777, at *2. While this standard is lenient, it is not automatic. *Lima*, 493 F. Supp. 2d at 798; *Treme*, 2008 WL 941777, at *2. Courts are "mindful that . . ., like practicing attorneys, [have] a responsibility to refrain from stirring up unwarranted litigation. Further, employers should not be unduly burdened by a frivolous fishing expedition conducted by the plaintiff at the employer's expense." *Songer*, 569 F. Supp. at 706-07; *Farrow v. Ammari of Louisiana, Ltd.*, 2016 WL 3020901 (E.D. La. May 26, 2016).

Plaintiff has failed to establish the existence of similarly situated individuals with similar job requirements and pay provisions. "For the class representative to be considered similarly situated to the potential opt in class members, the class representative must be similarly situated in terms of job requirements and similarly situated in terms of payment provisions." *Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 824-25 (N.D. Tex. 2007). Plaintiff was employed as an able-bodied seaman, whose job description was attached to Jeff Jarred's December 7, 2016 Declaration. [Doc. 32-1.] In Plaintiff's declaration, he claims that he primarily operated a crane on the liftboat. Of the four individuals who have opted-in to the case thus far, none were employed as an able-bodied seaman. Captain Sam Virgil, Sr. was a captain. His duties are explained in Exhibit A-1. Ervin Thibodeaux served as a captain and cook. See Exhibit A-2. William Jones was employed as a mate and training captain. As a mate, Mr. Jones' duties are explained in Exhibit A-3. Finally, Virgil Sam, Jr. was an ordinary seaman. His duties are

explained in Exhibit A-5. Regardless of whether Virgil Sam, Jr. and William Jones would be considered similarly situated, their claims are barred by the applicable statute of limitations.

The declarations attached to Plaintiff's Motion as Exhibits B and C are insufficient to support the existence of similarly situated individuals as Plaintiff Adams. Indeed, the declarations show the information is not based upon personal knowledge, but are merely unsubstantiated statements as to what certain, unidentified individuals may have said. Courts have made clear that such is not sufficient to establish that there are other similarly situated individuals. *See Songer*, 569 F. Supp. 2d at 707 (N.D. Tex. 2008) ("The affidavits are virtually identical, contain primarily conclusory allegations unsupported by any factual assertions demonstrating the basis of the affiants' knowledge"); *Treme*, 2008 WL 941777, at *3 (refusing to conditionally certify class based upon unsupported allegations contained in plaintiff's affidavit).

Moreover, this case is not appropriate for a collective action because whether All Coast properly classified each potential opt-in plaintiff as exempt or non-exempt will require a highly individualized, fact specific inquiry. *See Aguirre v. SBC Commc'ns, Inc.*, 2006 WL 964554 (S.D. Tex. April 11, 2006) (refusing to conditionally certify class "because the exempt or nonexempt status of the opt-in plaintiffs would need to be determined on an employee-by-employee basis") (citation omitted). This individualized determination necessarily requires identification of each vessel based crew member's job classification; actual duties with respect to each voyage; liftboat to which assigned; purpose for which liftboat chartered; whether or not significant crane operations; whether or not industrial crane work; whether or not the alleged opt-in work class member performed industrial crane more than 20% of hours worked in each workweek; whether or not alleged opt-in class member employed in job classification on liftboat which Coast Guard Certificate of Inspection requires as part of vessel's minimum manning

requirements in order for vessel to sail/operate, which Defendant contends exempts such seaman from overtime under the FLSA exemption.

### B. Plaintiff's Proposed Class is Too Broad

In the event that this Court conditionally certifies a class in this suit, the Court should exercise its discretion to properly define the putative class. Plaintiff's Complaint defines those similarly situated to Plaintiff as "[a]ll able-bodied seaman and crane operators employed by All Coast" and affirmatively states that the "[c]lass is therefore properly defined as: All able-bodied seamen and crane operators employed by All Coast during the last three years." [Doc. 1 at ¶ 27 and ¶ 44]. Now, in Plaintiff's Motion for Class Certification and Expedited Discovery, Plaintiff asks this Court to define the class as: "All day-rate workers employed by All Coast, LLC during the last three years." [Doc. 48 at page 2]. The proposed notice designates the time period as April 2014 through the present.

#### 1. The temporal scope should be limited to the period of Plaintiff's employment.

As an initial matter, Plaintiff has failed to provide any explanation as to his proposed time period of three years regardless of when the proposed time period begins. Plaintiff was only employed by All Coast from July 1, 2013 until October 23, 2014. Exhibit A at ¶ 4. Assuming that the three year statute of limitations applies for purposes of this response only then the temporal scope of the proposed class should be limited to April 2014 through October 2014. *See Rendon v. Global Technical Solutions, LLC*, 2015 WL 8042169, *10 (E.D. La. Dec. 4, 2015) (limiting putative class to those who worked during the plaintiff's employment because the requested three year period appears arbitrary). However, this is a case where the FLSA's two year statute of limitations should apply. The FLSA provides for a two year statute of limitations in the absence of a willful violation. 29 U.S.C. § 255(a). In order for the three year statute of

limitations to apply, Plaintiff must show that All Coast "knew or showed reckless disregard for the matter of whether its conduct was prohibited" by the FLSA. *Steele v. Leasing Enters., Ltd.*, 826 F.3d 237, 248 (5th Cir. 2016) (*quoting McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133-34 (1988)). Further, "[a] negligent violation is not a willful violation, and an unreasonable violation does not necessarily constitute a willful violation." *Id.* (internal quotation omitted).

In keeping with long standing, industry-wide custom and practice, All Coast paid its vessel based able-bodied seaman a day rate and considered them exempt from overtime wages. Plaintiff has failed to cite to **any** authority in which a vessel based seaman lost his exemption under these circumstances. Plaintiff seeks to create new law. This is not a circumstance in which All Coast showed a reckless disregard for determining whether its classification of Plaintiff violated the FLSA. Indeed, All Coast's conduct is consistent with maritime practice for vessel based crew members since before the passage of the FLSA.

Moreover, based on the very limited amount of time which Plaintiff worked for All Coast that falls within the two year statute of limitations, Plaintiff is not an appropriate class representative. At most, his claim would cover less than three months of the requested three year period. Further, as a class representative, he would have no knowledge as to the working conditions after October 23, 2014.

### 2.     Plaintiff has not properly defined the putative class.

The scope of the individuals to be included in the putative class is also overly broad. In his motion, Plaintiff requests that it be provided with contact information for all putative class members who have worked for All Coast since April 2014. [Doc. 48 at 11]. However the proposed notice indicates that potential class members are those who worked for All Coast in the last three years as day-rate workers. [Doc. 48 at Ex. F]. There is a host of individuals who

would fall within this overly broad class who were properly classified. See Exhibit A at ¶ 9, 10. Plaintiff was an able-bodied seaman who claims he was improperly exempted as a seaman because of his alleged operation of a crane for industrial purposes in excess of 20% of his working time. His own description and allegations require that the class be limited accordingly.

Based on the facts alleged in the Complaint and the applicable law as discussed *supra*, an appropriate class of similarly situated individuals should be defined as: All able-bodied seaman who operated a crane for industrial purposes in excess of 20% of their working time during most workweeks from April 2014 through October 2014.

All Coast also objects to providing any information beyond the name and last known address of the putative class members. Courts have repeatedly refused to require the production of employees' social security numbers due to the overwhelming privacy and security concerns. *See Mejia v. Bros. Petroleum, LLC*, 2014 WL 3530362, *4 (E.D. La. July 16, 2014) (citation omitted).

### C. All Coast's Objections to the Proposed Notice

All Coast requests that additional language be added to the Notice to inform prospective opt-in plaintiffs that they may be required to sit for depositions under oath, to respond to written discovery, and to participate as a witness at trial. *Id.* at *3. All Coast also requests that the contact information for its counsel be added to the Notice. Further, All Coast requests removal of the last sentence of the proposed notice which appears in bold: "The United States District Court for the Western District of Louisiana approved this notice." While the statement may ultimately be accurate, it could lead a potential opt-in plaintiff to believe that the Court is endorsing the suit.

With regard to the requested 60-day notice period, All Coast proposes a 45-day notice period as being more reasonable under the circumstances. All Coast also objects to Plaintiff's request to send out a reminder notice during the period. Finally, All Coast requests that the Court, as in *Lima*, order that the parties and their counsel are prohibited from communicating "with any potential opt-in plaintiffs during the opt-in period unless the potential plaintiff communicates with them first and consents to further communications." *Lima*, 493 F. Supp. 2d at 801 (citations omitted).

### D. Plaintiff Has Failed to Demonstrate Necessity for Expedited Discovery

Although Plaintiff purportedly requests expedited discovery in the opening paragraph of his motion, he fails to address this request within the motion. "[E]xpedited discovery is not the norm" and the moving party must show "good cause." *Wilson v. Samson Contour Energy E & P, LLC*, 2014 WL 2949457, *2-3 (W.D. La. June 30, 2014) (internal quotations and citations omitted). Indeed, expedited discovery is only allowed after a showing of irreparable harm or when "evidence would be lost or destroyed." *Id.* at *3 (citations omitted). Plaintiff has failed to put forth any proof whatsoever to establish that good cause exists for ordering expedited discovery. Accordingly, Plaintiff's request should be denied.

## III. Conclusion

Plaintiff has failed to satisfy his burden to establish that the existence of similarly situated individuals for the purpose of conditionally certifying a class. Further, his proposed scope of the class is overly broad in time and by the definition of employees who should be included in any putative class. Finally, he has not shown that good cause exists for this Court to order expedited discovery. Accordingly, All Coast respectfully requests this Court deny Plaintiff's motion in its entirety and grant it any other relief to which it may be entitled.

Respectfully submitted, this the 11th day of May, 2017.

**ALL COAST, LLC**

BALCH & BINGHAM LLP

BY:    s/ *Armin J. Moeller, Jr.*
         Armin J. Moeller, Jr. (LA#9523)
         Ashley Eley Cannady (pro hac vice)
         BALCH & BINGHAM LLP
         188 E. Capitol Street, Suite 1400
         Jackson, MS 39201
         Telephone: (601) 961-9900
         Facsimile: (601) 961-4466
         amoeller@balch.com

## **CERTIFICATE OF SERVICE**

I, the undersigned counsel, do hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

This the 11th day of May, 2017.

                                                  s/ *Armin J. Moeller, Jr.*
                                                  ARMIN J. MOELLER, JR.