UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **WILLIAM ADAMS**<br><br>**VERSUS**<br><br>**ALL COAST, LLC** | **CIVIL ACTION NO. 6:16-cv-01426-RRS-DJA**<br><br>**JUDGE ROBERT SUMMERHAYS**<br><br>**MAGISTRATE JUDGE DAVID J. AYO** |

### MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* TO EXCLUDE ANY REFERENCE TO, DEFERENCE TO, APPLICATION OF, OR INTRODUCTION OF 29 C.F.R. §§ 783.31, 32, and 34

**MAY IT PLEASE THE COURT:**

As a result of the U.S. Supreme Court's recent decision in *Loper Bright Enters. v. Raimondo*, 144 S. Ct. 2244 (2024), Defendant All Coast, LLC ("All Coast") submits this Motion *in Limine* to exclude any reference to, deference to, application of or introduction of in opening statement, direct or cross-examinations of witnesses, closing argument or jury charges of 29 C.F.R. §§ 783.31, 32 and 34, or any of the language contained in the regulations. The Supreme Court's decision overruled *Chevron U.S.A., Inc., v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984); therefore, the regulations, and more specifically, deference to the regulations, do not apply to this case. Under *Loper Bright*, **this Court must decide the meaning of the undefined term "seaman" under the Fair Labor Standards Act, and the jury must decide if the plaintiffs qualify as seamen**.

### BACKGROUND

On February 11, 2021, without oral argument, the Fifth Circuit Court of Appeals reversed this Court's summary judgment ruling in favor of All Coast, relying on the Department of Labor's regulation 29 C.F.R. § 783.31. *Adams v. All Coast, LLC,* 15 F.4th 365, 377 (5th Cir.

2021). Deferring to the regulation, the Fifth Circuit found that the plaintiffs' crane operation constituted "loading or unloading of freight at the beginning or end of a voyage," which is expressly excluded under the regulation. *Id.* at 369. Moreover, the court relied on 29 CFR § 783.32, § 783.34, and the definitions of seaman, emphasizing skill in navigation to determine crane operation was not seaman's work because it was not the ship's work, meaning it did not "serve the ship's operation *as a ship*." *Id.* at 371. Under *Chevron U. S. A. Inc. v. Natural Res. Def. Council, Inc*., 467 U.S. 837 (1984), courts deferred to "permissible" agency interpretations of the statutes those agencies administer—even when a reviewing court reads the statute differently. *Id.* at 843. As a result, the Supreme Court granted certiorari in *Loper Bright* limited to the question of whether *Chevron* should be overruled or clarified. *Loper Bright*, 2024 WL 3208360, at *6.

In *Loper Bright*, the Supreme Court overruled *Chevron* because the deference doctrine violates the constitutional separation of powers between the branches and the Administrative Procedures Act. *Id.* at *8-9. Embracing the constitution's "Framers' understanding of the judicial function early on," the U.S. Supreme Court noted that "in the foundational decision of *Marbury v. Madison*, Chief Justice Marshall famously declared that '[i]t is emphatically the province and duty of the judicial department to say what the law is.'" *Id.* at *9 (internal citation omitted). In "saying what the law is," the Court held that "the APA means what it says"—that is, reviewing courts, and not federal agencies, are tasked with interpreting the meaning of statutes. *Id.* at *12. *Chevron* "defie[d] the command of the APA" in holding otherwise. *Id.* at *15.

I. **Any reference or deference to or introduction of 29 C.F.R. §§ 781.31, 32, and 34 violates Rule 402 of the Federal Rules of Evidence; the regulations are irrelevant**

Federal Rule of Evidence 401 provides that evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of

2

consequence in determining the action." Fed. R. Evid. 401. Under Federal Rule of Evidence 402, relevant evidence is admissible unless the United States Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court provide otherwise, and irrelevant evidence is not admissible. Fed. R. Evid. 402.

Louisiana federal district courts have excluded irrelevant evidence in similar cases. In *Tate v. Zapata Gulf Marine Corp.*, Civ. A. No. 93–5, 1993 WL 379561(E.D. La. Sep. 13, 1993), the defendants filed a motion in limine to exclude specific regulations and expert testimony. The defendants moved the Court to hold that OSHA and ANSI regulations may not be introduced into evidence because they do not apply to the vessels in question. *Id.* The district court granted the defendants' motion. *Id.* The court relied on the Fifth Circuit's decision in *Donovan v. Texaco*, 720 F.2d 825 (5th Cir. 1983), where it found that OSHA regulations did not apply to the working conditions of seamen on vessels in navigation. *Id.* at 826.

The Department of Labor's interpretative regulations, which the Fifth Circuit relied on in reversing this Court's prior summary judgment decision, are irrelevant. The mandate of *Loper Bright* is clear: courts cannot defer to such regulations, which arise from agency interpretations, to determine the meaning of undefined statutory terms; courts must determine the meaning. The United States Supreme Court has determined the meaning of the word seaman through its decisions in *McDermott Int'l, Inc., v. Wilander*, 498 U.S. 337 (1991); *Chandris v. Latsis*, 515 U.S. 347 (1995); and *Harbor Tug & Barge Co. v. Papai*, 520 U.S. 548 (1997). This Court should adhere to the meaning developed through those decisions.

The Supreme Court's decisions are not expressly limited to the Jones Act, for the Jones Act, just like the Fair Labor Standards Act ("FLSA"), does not define the word "seaman." See *Ardoin v. Ray McDermott Co*; 641 F.2d 277 (5th Cir. 1981) ("The Jones Act grants any seaman

3

who shall suffer a personal injury in the course of his employment the right to recover damages for such injuries if they are caused by the negligence of the seaman's employer. The statute does not define the term 'seaman'").

II. **Even assuming the regulations are relevant, any reference or deference to or introduction of 29 C.F.R. §§ 781.31, 32, and 34 violates Rule 403 of the Federal Rules of Evidence**

Under Federal Rule of Evidence 403, "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Sister circuits have excluded federal regulations because of the danger of confusing the issues and misleading the jury. For example, in *Jones v. Wiseman*, 838 F. App'x 942 (6th Cir. 2020), the plaintiff sued the driver of commercial motor vehicle following an accident. The district court granted the driver's motion *in limine*, requesting that the plaintiff be prohibited from referring to federal safety regulations and denied the plaintiff's motion for judgment as a matter of law or a new trial after the jury found the parties equally at fault for the accident. *Id.* at. 943-44.

On appeal, the Sixth Circuit affirmed the ruling on the motion *in limine*. *Id.* The court reasoned that the regulations may not supplant the Tennessee standard of care (due care under the circumstances) but may have some tendency to show that ordinary care when driving a CMV may differ from ordinary care in operating a different type of vehicle and while not irrelevant, their probative value is minimal given common sense when operating vehicles. *Id.* at 950. However, the court found that the danger of confusing the issues and misleading the jury was substantial because the distinction between statutory or regulatory standards to set the standard of care to measure the reasonableness of one's actions under the standard of care could be confusing. *Id.*

4

Even assuming the regulations are relevant if introduced, like in *Jones v. Wiseman*, they would unduly prejudice All Coast by confusing the issue of how the plaintiffs qualify as seamen under the FLSA status and mislead the jury concerning the meaning of the proper meaning of term "seaman" established by the Supreme Court.[1] Therefore, the Court should exclude any reference or deference to these regulations during opening statements, witness examinations, closing arguments, or jury instructions, as well as any attempt to introduce the regulations into evidence at the trial of this matter.

## CONCLUSION

Any reference to, deference to, application of, or introduction of 29 C.F.R. §§ 783.31, 32 and 34 in opening statement, direct or cross-examinations of witnesses, closing argument or jury charges should be excluded by this Court. The regulations are irrelevant, and even if relevant, they will confuse the issue and mislead the jury concerning the meaning of the word seaman in the FLSA, thereby prejudicing All Coast. All Coast's motion *in limine* should be granted.

---

[1] The range of workers who have qualified as seamen is broad. The U.S Supreme Court, as well as courts in this Circuit and others, have found that offshore employees working as **crane operators, welders, paint foremen, crane barge flaggers, radio operators, clerks, bartenders, muleteers (one in charge of the shipment of mules), laundresses, telephone operators, and barbers have all been held to be seamen**. *In re Endeavor Marine Inc.*, 234 F.3d 287, 288 (5th Cir. 2000). *Ardoin v. J. Ray McDermott & Co.*, 684 F.2d 335 (5th Cir. 1982); *McDermott Int'l, Inc. v. Wilander*, 498 U.S. 337, 111 S. Ct. 807, 807, 112 L. Ed. 2d 866 (1991*). Meaux v. Cooper Consol.*, LLC, 477 F. Supp. 3d 515, 520 (E.D. La. 2020); *The Buena Ventura*, 243 F. 797, 798 (S.D.N.Y. 1916); *Schiemann v. Grace Line, Inc.*, 269 F.2d 596 (2d Cir. 1959); *The Baron Napier*, 249 F. 126, 127 (4th Cir. 1918); *Neville v. Am. Barge Line Co.*, 105 F. Supp. 408 (W.D. Pa. 1952); *The J.S. Warden*, 175 F. 314, 314 (S.D.N.Y. 1910); *Keefe v. Matson Nav. Co.*, 46 F.2d 123, 123 (W.D. Wash. 1930).

| | |
|---|---|
| Respectfully Submitted: | Respectfully Submitted: |
| **BALCH & BINGHAM LLP** | **THE MOELLER FIRM LLC** |
| */s/ Armin J. Moeller, Jr.* <br> Armin J. Moeller, Jr. (#9523) <br> Ashley Eley Cannady (*Pro Hac Vice*) <br> 188 E. Capitol Street, Suite 1400 <br> Jackson, MS 39201 <br> Telephone: (713) 222-6775 <br> Facsimile: (713) 222-6739 <br> amoeller@balch.com | /s/ *Matthew A. Moeller* <br> Matthew A. Moeller (T.A. #29991) <br> matthew@moellerfirm.com <br> David K. Smith (#35325) <br> david@moellerfirm.com <br> Kassie Lee Richbourg (#37521) <br> kassie@moellerfirm.com <br> 650 Poydras Street, Suite 2516 <br> New Orleans, LA 70130 <br> Telephone: (504) 702-6794 <br> Facsimile: (504) 702-6783 |
| **ATTORNEYS FOR ALL COAST, LLC** | **ATTORNEYS FOR ALL COAST, LLC** |