|   |   |
|---|---|
| UNITED STATES DISTRICT COURT | WESTERN DISTRICT OF LOUISIANA LAFAYETTE DIVISION |

| | |
|---|---|
| WILLIAM ADAMS, et al., § § *Plaintiffs*, § § v. § § ALL COAST, LLC, § § *Defendant*. § | No. 6:16-cv-01426 Judge Robert Summerhays Magistrate Judge David Ayo Jury |

# PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT ALL COAST, LLC'S MOTION FOR SUMMARY JUDGMENT

All Coast, L.L.C. has asked the Court to order, in limine, that the plaintiffs be prohibited from referring to "in opening statement, direct or cross-examinations of witnesses, closing argument or jury charges of 29 C.F.R. §§ 783.31, 32 and 34, or any of the language contained in the regulations." The request should be denied.

## I

The plaintiffs do not dispute that it is solely within the province of the Court to determine and to appropriately instruct the jury what the law is. *See, Dimick v. Schiedt*, 293 U.S. 474, 486 (1935) ("The controlling distinction between the power of the court and that of the jury is that the former is the power to determine the law and the latter to determine the facts."). And the plaintiffs will naturally comply with any court orders. They will not argue legal issues to the jury. The law is, though, that operating a crane is not seaman work, and the Fifth Circuit says so.

## II

All Coast, though, is laboring under the misapprehension that the Supreme Court, by virtue of its decision in *Loper Bright Enters. v. Raimondo*, No. 22-1219, 603 U.S. \_\_\_\_, 2024 U.S. LEXIS 2882 (U.S. Jun. 28, 2024), has effectively done away with every federal regulation that exists and that they are all subject to challenge. That's wrong and, in this case, beside the point. The foundation for the Fifth Circuit's seaman exemption (and its decision *in this case*) is the text of the FLSA itself—not any interpretive Labor Department regulation that may have been (but likely was not) affected by *Loper Bright*.

In fact, the plaintiffs *in this case* primarily argued to the Fifth Circuit *in this case* that the Court's decision on summary judgment *in this case* was wrong because it interpreted the word "seaman" inconsistently with its use in the FLSA itself. And the seminal Fifth Circuit case on the FLSA's seaman exemption is all about *statutory* construction—not deference to any regulatory interpretation. *See, Walling v. W.D. Haden Co.*, 153 F.2d 196, 199 (5th Cir. 1996) ("Since the Act does not define the word seaman, it must be taken in its ordinary meaning. If the exemption were of all seamen, we should be inclined to hold as did the district court, that these men are seamen. But the words of the exemption are: 'Employees *employed as* (sic) seamen'. The italicized words mean something; they are not mere tautology.").

\* \* \*

The plaintiffs will not argue legal issues to the jury because its job is to resolve disputed issues of fact. But they cannot be prohibited from arguing that operating a crane on a liftboat to service offshore oil and gas wells is seaman work for purposes of 29 U.S.C. § 213(b)(6).

All Coast's Motion in Limine should, therefore, be denied.

| Respectfully Submitted, | Respectfully Submitted, |
|---|---|
| LUNDY, LUNDY, SOILEAU & SOUTH, LLP<br>501 Broad Street<br>Lake Charles, Louisiana 70601<br>Telephone: (337) 439-0707<br>Facsimile: (337) 439-1029 | MOORE & ASSOCIATES<br>440 Louisiana Street, Suite 1110<br>Houston, Texas 77002-1063<br>Telephone: (713) 222-6775<br>Facsimile: (713) 222-6739 |
| By: s/ Matthew E. Lundy<br>　　Matthew E. Lundy<br>　　La. Bar Roll No. 18988 | By: s/ Curt Hesse<br>　　Curt Hesse<br>　　Tex. Bar. No. 24065414 |
| **ATTORNEYS FOR PLAINTIFFS** | **ATTORNEYS FOR PLAINTIFFS** |

## CERTIFICATE OF SERVICE

As required by Fed. R. Civ. P. 5(a)(1), I certify that I served a copy of this document on all parties or their attorney(s) of record—who are listed below—in accordance with Fed. R. Civ. P. 5(b) as follows:

Mr. Armin J. Moeller, Jr.
amoeller@balch.com
BALCH & BINGHAM LLP
188 E. Capitol Street, Suite 1400
Jackson, Mississippi 39201
Fax (601) 961-4466
*Attorneys for All Coast, LLC*

- ☐ mail
- ☐ personal delivery
- ☐ leaving it at ☐ office ☐ dwelling
- ☐ leaving it with court clerk
- ☐ electronic means
- ☐ other means
- ☒ CM/ECF system

Mr. Matthew A. Moeller
matthew@moellerfirm.com
THE MOELLER FIRM LLC
650 Poydras Street, Suite 1207
New Orleans, Louisiana 70130
Fax (504) 702-6783
*Attorneys for All Coast, LLC*

- ☐ mail
- ☐ personal delivery
- ☐ leaving it at ☐ office ☐ dwelling
- ☐ leaving it with court clerk
- ☐ electronic means
- ☐ other means
- ☒ CM/ECF system

| August 30, 2024 | s/ Curt Hesse |
|---|---|
| Date | Curt Hesse |