UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**WILLIAM ADAMS**                                     **CASE NO. 6:16-CV-01426**

**VERSUS**                                            **JUDGE ROBERT R. SUMMERHAYS**

**ALL COAST, LLC**                                    **MAGISTRATE JUDGE DAVID J. AYO**

### RULING

Before the Court is a Motion for Summary Judgment [ECF No. 228] and a Motion for Leave to File a Supplemental Brief [ECF No. 235] submitted by Defendant All Coast, LLC. Plaintiffs oppose the motions.[1] Defendant has additionally filed a reply brief and a Notice of Supplemental Authority.[2] For the reasons that follow, the Motion for Leave is granted, and the Motion for Summary Judgment is denied.

William Adams brought this collective action on behalf of himself and others employed on Defendant's fleet of liftboats, alleging Defendant failed to pay Plaintiffs overtime compensation as required by the Fair Labor Standards Act of 1938 ("FLSA").[3] Defendant has argued throughout this litigation that Plaintiffs are exempt from the overtime wage requirement, because they were employed as seamen.[4] This is Defendant's third attempt at

---

[1] ECF Nos. 238.
[2] ECF Nos. 235, 239, 247.
[3] *See* 29 U.S.C. § 207(a)(1) (any employee who works "longer than forty hours" in a workweek must be compensated "at a rate not less than one and one-half times the regular rate at which he is employed").
[4] *See* 29 U.S.C. § 213(b)(6) ("any employee employed as a seaman" is exempt from § 207 of the FLSA, *i.e.* the overtime wage mandate).

having this Court rule that Plaintiffs are exempt from the overtime wage requirements because they were employed as seamen.[5]

Defendant first filed a motion to dismiss on the basis of the seaman exemption.[6] The motion was subsequently converted to a motion for summary judgment and ultimately denied as premature.[7] On August 23, 2019, Defendant filed a second motion for summary judgment.[8] The Court[9] granted the motion and dismissed all claims, finding: (1) those Plaintiffs who alleged they spent more than 20% of their working time operating the vessels' cranes were seamen, because their crane operation duties were a "service which is rendered primarily as an aid in the operations of such vessel as a means of transportation";[10] and (2) those Plaintiffs who were employed as cooks were seamen because although they prepared meals for both crew members and third parties, the crew members ate at every meal the cooks prepared.[11]

Plaintiffs appealed and the Fifth Circuit reversed.[12] After extensively analyzing the historical definitions of the word "seaman," the applicable Department of Labor regulations, and the relevant caselaw, the Court held as follows with regard to those Plaintiffs who operated cranes:

---

[5] *See* Motion to Dismiss [ECF No. 16], converted to Motion for Summary Judgment [ECF No. 33]; Second Motion for Summary Judgment [ECF No. 168].

[6] ECF No. 16.
[7] ECF Nos. 33; 57.
[8] ECF No. 168.
[9] This suit was previously assigned to the Hon. Rebecca F. Doherty (retired), and then to the Hon. Jane Triche Milazzo (by designation). Shortly before the suit was remanded by the Fifth Circuit, the case was reassigned to the undersigned.
[10] ECF No. 181 at 12.
[11] *Id.* at 6.
[12] *Adams v. All Coast, LLC*, 15 F.4th 365 (5th Cir. 2021).

> Accordingly, we *hold* that the plaintiffs' crane operation was not seaman work for purposes of the FLSA exemption. Whether the plaintiffs qualify for the exemption otherwise will be decided on remand. The district court thus erred in granting summary judgment for All Coast. As the district court said, because of the substantial amount of time the plaintiffs spent operating the cranes, "if crane operation—in this context—is not seaman's work[,] then Plaintiffs . . . cannot qualify as seamen." It was not, and they cannot—not while they were operating the cranes. We remand to the district court for further proceedings consistent with our holding.[13]

As to those plaintiffs employed as cooks, the Fifth Circuit instructed:

> On remand, the district court will need to determine how much time the cooks spent preparing food for the crew when they were not performing seamen's work, and how much time they spent preparing food for non-crew members. If that adds up to a "substantial" amount, then they, like the crane-operating crew members, were not doing seamen's work.[14]

Defendant now files its third motion for summary judgment, asserting Plaintiffs' claims for unpaid overtime wages should be dismissed for two reasons. First, Defendant contends that "[b]ased on an expanded summary judgment record, crane operation performed by the Plaintiffs, who were All Coast vessel-based crewmembers, is seaman's work," and is therefore exempt from the FLSA's overtime wage mandate.[15] Alternatively, Defendant asserts that even if the Court determines Plaintiffs are not exempt seamen, their claims should nevertheless be dismissed, because "Plaintiffs cannot provide this Court with any competent summary judgment evidence that they operated the crane more than 20% of the time."[16] Defendant does not separately address the claims asserted by those Plaintiffs employed as cooks.

---

[13] *Id.* at 375-76 (emphasis added; alterations in original).
[14] *Id.* at 377 (citing 29 C.F.R. § 783.31; *Martin v. Bedell*, 955 F.2d 1029, 1036 (5th Cir. 1992)).
[15] ECF No. 228 at 1; *see also* ECF No. 228-1 at 6.
[16] ECF No. 228 at 1.

Defendant first argues that "[t]he expanded summary judgment record reveals that the Fifth Circuit's decision . . . [on appeal] was clearly wrong."[17] According to Defendant, the "more fully developed record . . . clearly demonstrates that the vessel-based crane operation performed by Plaintiffs is seaman's work and, therefore, exempt under the Fair Labor Standards Act ("FLSA")."[18] Defendant argues at length that the Fifth Circuit incorrectly decided this issue, supporting its position with out-of-circuit caselaw, deposition testimony, affidavits and expert reports which purport to show that "crane operation is work that aids the vessel as a means of transportation," and a policy argument that the test for seaman status under the FLSA should be the same as it is under the Jones Act.

For multiple reasons, the Court finds Defendant's arguments to be problematic. First, and most importantly, a finding in Defendant's favor on the present motion would violate the law of the case doctrine because it would necessarily require the Court to reexamine the Fifth Circuit's decision reversing Defendant's prior motion for summary judgment. Under the law of the case doctrine, "the district court on remand, or the appellate court on a subsequent appeal, abstains from reexamining an issue of fact or law that has already been decided on appeal."[19] A corollary of that doctrine is the mandate rule which, absent exceptional circumstances, "compels compliance on remand with the dictates of a superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court."[20] On

---

[17] ECF No. 228-1 at 6.
[18] *Id.*
[19] *Perez v. Stephens*, 784 F.3d 276, 280 (5th Cir. 2015) (quoting *United States v. Teel*, 691 F.3d 578, 582 (5th Cir. 2012)).
[20] *U.S. v. Lee*, 358 F.3d 315, 321 (5th Cir. 2004); *see also Gen. Universal Sys., Inc. v. HAL, Inc.*, 500 F.3d 444, 453 (5th Cir. 2007) ("The mandate rule requires a district court on remand to effect [the appellate court's] mandate and to do nothing else.").

appeal, the Fifth Circuit explicitly <u>held</u> that Plaintiffs were not performing seamen's work when they were operating the liftboats' cranes.[21] It instructed that "[w]hether the plaintiffs qualify for the exemption *otherwise* will be decided on remand."[22] Defendant's argument is contrary to express findings of the Fifth Circuit on appeal.[23] In sum, the issue of whether Plaintiffs' crane work constituted seaman's work is now plainly foreclosed, and if Defendant intends to show, at trial, that Plaintiffs are exempt seaman, they will have to do so without reliance on Plaintiffs' crane operations.[24]

In Defendant's motion for leave to file a supplemental brief, it argues that the recent Supreme Court decision in *Loper Bright Enterprises v. Raimondo* "overrules the deference given by the Fifth Circuit to the Department of Labor's interpretive regulations regarding what the word 'seaman' means under the Fair Labor Standards Act."[25] According to Defendant, once all deference is excised, the Supreme Court's seminal decisions addressing seaman status under the Jones Act should "control the issue of who is a seaman" under the FLSA.[26] The Court

---

[21] *Adams* at 375 ("Accordingly, we hold that the plaintiffs' crane operation was not seaman work for purposes of the FLSA exemption.").
[22] *Id.* (emphasis added).
[23] *Adams* at 370 ("there is nothing special about the nature of All Coast's charters that would pull the crane operations into the vessel's ambit 'as a means of transportation.'"); *id.* at 373 ("Here, the plaintiffs were not doing seamen's work when they were operating the cranes."); *id.* at 374 ("In short, the use of the cranes was not in furtherance of the 'safe navigation of the ship.'").
[24] *See e.g. Ball v. LeBlanc*, 881 F.3d 346, 352 (5th Cir. 2018); *Gene & Gene, LLC v. BioPay, LLC*, 624 F.3d 698, 703-04 (5th Cir. 2010). To the extent Defendant's argument is based on the exception to the law of the case doctrine that applies when "the evidence on a subsequent trial [is] substantially different," the Court disagrees. *Tollett v. City of Kemah*, 285 F.3d 357, 365 (5th Cir. 2002). That exception is inapplicable where, by the prior appeal, the issue "is not left open for decision." *Nat'l Airlines, Inc. v. Int'l Ass'n of Machinists & Aerospace Workers*, 430 F.2d 957, 960 (5th Cir. 1970). Further, in this matter the new evidence offered in support of the pending motion is not "substantially different" from that which was presented to the Fifth Circuit. *Compare e.g.*, ECF No. 168-2; -3; -4; -6 at 12, 63, 98; -7 at 14, 40; -8 at 14, 41, 70, *with* ECF No. 228-3, -4, -7, -8, -10, -11, -12, -13, -14, -16, -18.
[25] ECF No. 235 at 1 (citing *Loper Bright*, 144 S.Ct. 2244 (2024)).
[26] *Id.* (citing *McDermott International, Inc. v. Wilander*, 498 U.S. 337 (1991); *Chandris v. Latsis*, 515 U.S. 347 (1995); and *Harbor Tug and Barge Co. v. Papai*, 520 U.S. 548 (1997)).

disagrees. *Loper Bright* overruled the doctrine set forth in *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, which "sometimes required courts to defer to 'permissible' agency interpretations of the statutes those agencies administer—even when a reviewing court reads the statute differently."[27] But the Fifth Circuit did not apply *Chevron* deference in its *Adams* decision. Moreover, Defendant has not shown that even if *Loper Bright* "overrules" any deference to the regulations given by the Fifth Circuit in this case—and the Court finds it does not—the result would be that the Court must apply the test for seaman status under the Jones Act. The definition of a seaman under the FLSA "has never been tied to the Jones Act," because each regulates a separate aspect of the employment relationship: the Jones Act governs suits for seamen who are injured in the course of employment, whereas the FLSA governs wages and working conditions.[28]

Further, the Court finds *Loper Bright* does not do the work Defendant claims. *Loper Bright* overruled the *Chevron* doctrine, instructing that courts (rather than agencies) must decide "*all* relevant questions of law by applying their own judgment."[29] However, courts may still seek guidance from the relevant agency's interpretation of a statute, because those interpretations "constitute a body of experience and informed judgment" as to the meaning of those statutory provisions.[30] As the Supreme Court instructed:

---

[27] *Loper Bright*, 144 S.Ct. 2244, 2254 (2024) (overruling *Chevron*, 467 U.S. 837 (1984)).
[28] *Dole v. Petroleum Treaters, Inc.*, 876 F.2d 518, 521 n.4; *id.* at 522-23 (5th Cir. 1989); *Hale v. Galliano Marine Service, LLC*, 855 F.3d 290, 294 (5th Cir. 2017).
[29] *Loper Bright* at 2261 (internal quotation marks omitted).
[30] *Id.* at 2262 (quoting *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944)). Further, "interpretations issued contemporaneously with the statute at issue, and which have remained consistent over time, may be especially useful in determining the statute's meaning." *Id.* (citing *Skidmore* at 140; *U.S. v. American Trucking Ass'ns*, 310 U.S. 534, 549 (1940)). Thus, *Skidmore* deference remains a valid doctrine.

> [W]e do not call into question prior cases that relied on the *Chevron* framework. The holdings of those cases that specific agency actions are lawful . . . are still subject to stare decisis despite our change in interpretive methodology. Mere reliance on *Chevron* cannot constitute a special justification for overruling such a holding, because to say a precedent relied on *Chevron* is, at best, just an argument that the precedent was wrongly decided. That is not enough to justify overruling a statutory precedent.[31]

To the extent *Loper Bright* applies to this matter, here Defendant merely relies upon the overruling of *Chevron* to support its argument that the regulations defining what it means to be "employed as a seaman" should be abandoned. "That is not enough to justify overruling a statutory precedent."[32]

Finally, the *Adams* decision comports with *Loper Bright.* The Fifth Circuit began by examining its decision in *Walling v. W.D. Haden Co.*, which issued "shortly after the FLSA's enactment."[33] *Walling* found (without reference to any regulation) that the seaman exemption "applies only when an employee performs nautical *duties*."[34] After looking to how "seaman" was defined in Webster's International Dictionary and 46 U.S.C. § 713 (now codified at 46 U.S.C. § 10101(3)), the Court determined that although the plaintiffs were "in the general sense seamen," they were not "seamen" for purposes of the FLSA exemption, reasoning as follows:

> Since the Act does not define the word seaman, it must be taken in its ordinary meaning. If the exemption were of all seamen, we should be inclined to hold as did the district court, that these men are seamen.
>
> But the words of the exemption are: "Employees *employed as* seamen." The italicized words mean something; they are not mere tautology. They warn us to look to what the employees do, and not to rest on a mere matter of a name, or the place of their work. The entire Act is pervaded by the idea that what each employee actually does determines its application to him.[35]

---

[31] *Id.* at 2273 (internal quotation marks and citations omitted).
[32] *Id.*
[33] *Adams*, 15 F.4th at 368 (citing *Walling*, 153 F.2d 196, 199 (5th Cir. 1946)).
[34] *Walling* at 199.
[35] *Id.*

Ultimately, because the plaintiffs performed both nautical work and industrial work (*i.e.*, "mining and handling of shells as an industrial operation carried on by means of a floating mining plant"), and because the "dominant employment [was] clearly the industrial one," plaintiffs were not exempt from the overtime provisions of the FLSA.[36] While the *Adams* court did go further and examine the pertinent DOL regulations, it found "no conflict here between the statute's plain meaning and the regulatory guidance."[37] Further, it noted that its caselaw treats the pertinent regulation as a "guide," rather than as an inviolate rule.[38] The Court also looked to additional dictionary definitions in effect at the time of the Act's passage and found they "reinforce[d] the Department's regulations: a seaman's duty must serve the ship's operation *as a ship*."[39] In sum, the Court finds *Loper Bright* does not support the relief requested, or permit the Court to disregard the law of the case doctrine or the mandate rule.

Defendant alternatively argues that summary judgment is warranted because Plaintiffs cannot carry one element of their *prima facie* burden—namely, the amount of overtime compensation due.[40] This is so, argues Defendant, because "Plaintiffs' claims that they spent over 20% of their time operating the crane are unsupported, unsubstantiated assertions."[41] The Court finds this is an incorrect characterization of the record. As noted in the Ruling on Defendant's original motion for summary judgment:

---

[36] *Id.*
[37] *Adams*, 15 F.4th at 370 n.2.
[38] *Id.* at 376-77 (The Fifth Circuit has "often recognized that 20 percent figure [in 29 C.F.R. § 783.37] as a guide, even if we have not been quite so mathematically precise. . . . The Court has applied a more flexible approach that eschewed apply[ing] the twenty percent rule in a strict, mechanical fashion. . . . [W]e [have] considered whether non-seaman's work made up more than approximately 20 percent of an employee's time.") (internal citations, quotation marks omitted).

[39] *Id.* at 371 (citing Black's Law Dictionary (3d ed. 1933); Oxford English Dictionary (3d ed. 1933)).
[40] *See e.g. Johnson v. Heckmann Water Res. (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014).
[41] ECF No. 228-1 at 29.

> Plaintiff Christopher Robinson, employed as a Mate, testified that 75% of his time was spent operating the crane. Docs. 168-6 at 24, 173-10 at 13. Plaintiff Rynell Wesley, also employed as a Mate, testified that 50% of his time was spent operating the crane. Docs. 168-6 at 76, 173-13 at 8. Plaintiff Cody Migues, employed as an OS, testified that 25% of his time was spent operating the crane. Docs. 168-7 at 47–48, 173-9 at 173-9 at 18–19. Plaintiff Joe Adams, employed as an AB, testified that 70% of his time was spent operating the crane. Docs. 168-8 at 18, 173-8 at 5. Plaintiff Syronne Coney, also employed as an AB, testified that more than 50% of his time was spent operating the crane. Docs. 168-8 at 78, 173-7 at 26. Plaintiff William Adams testified that he spent 90% of his time operating the crane when he was employed as an AB and 85% of his time operating the crane when he was employed as a deckhand. Docs. 168-8 at 43–45, 173-12 at 7.[42]

As such, the Court finds Defendant has failed to carry its burden of showing "that there is no genuine dispute as to any material fact." Accordingly, the motion for summary judgment is denied.

For these reasons, Defendant's Motion for Leave [ECF No. 235] is GRANTED and Defendant's Motion for Summary Judgment [ECF No. 228] is DENIED.

THUS DONE in Chambers on this 25th day of September, 2024.

_____
ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

---

[42] *Adams v. All Coast, LLC*, 420 F.Supp.3d 509, 514 n.35 (W.D.La. 2019), *rev'd and remanded sub nom. Adams v. All Coast, L.L.C.*, 988 F.3d 203 (5th Cir. 2021), *withdrawn and superseded on denial of reh'g en banc*, 15 F.4th 365 (5th Cir. 2021), and *rev'd and remanded sub nom. Adams v. All Coast, L.L.C.*, 15 F.4th 365 (5th Cir. 2021).