| UNITED STATES DISTRICT COURT | WESTERN DISTRICT OF LOUISIANA LAFAYETTE DIVISION |
|---|---|

| WILLIAM ADAMS, et al., | § | |
|---|---|---|
| *Plaintiffs*, | § § § | No. 6:16-cv-01426 |
| v. | § § | Judge Robert Summerhays |
| ALL COAST, LLC, | § § | Magistrate Judge David Ayo |
| *Defendant*. | § § | Jury |

**PLAINTIFFS' MOTION FOR JUDICIAL NOTICE**

Under Fed. R. Evid. 201, Plaintiffs request that the Court take judicial notice of the facts identified below.

**I**

A "court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the Court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court "*must* take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c) (emphasis added); *see also*, Fed. R. Evid. 201(d) ("The court may take judicial notice at any stage of the proceeding."). The existence of prior rulings and factual determinations in the same case are judicially noticeable. *See*, *Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir. 2007) (permitting a court to take judicial notice of previously adjudicated facts in order to prevent a party from attempting to

relitigate them a second time); *Cinel v. Connick*, 15 F.3d 1338, 1343 n. 6 (5th Cir.1994); *MacMillan Bloedel Ltd. v. Flintkote Co.*, 760 F.2d 580, 587 (5th Cir. 1985); *Swindol v. Aurora Flight Sciences Corp.*, 805 F.3d 516, 519 (5th Cir. 2015) (citing *Kaufman v. W. Union Telephone Co.*, 224 F.2d 723, 725 (5th Cir. 1955)).

## II

In this case, the Court previously determined on summary judgment that the plaintiffs worked overtime but were not paid for it; that determination was not disputed by either party and was accepted by the Fifth Circuit on appeal in *this* case. *See*, *Adams v. All Coast, LLC*, 15 F.4th 365, 367 (5th Cir. 2021) ("All Coast did not pay the plaintiffs overtime because it classified them as seamen[.]"). Accordingly, the plaintiffs request that the Court take judicial notice that they worked overtime but were not paid for it.

## III

In this case, the Court previously determined on summary judgment that the spent between 25% and 90% of their time operating cranes; that determination was not disputed by either party and was accepted by the Fifth Circuit on appeal in *this* case. *See*, *Adams, LLC*, 15 F.4th at 370 ("Based on the plaintiffs' depositions, the district court found that they spent between 25% and 90% of their day operating the crane to transport personnel, supplies, and equipment back and forth between the liftboat and the dock, the liftboat and the worksite platform, the liftboat and other vessels, and within the liftboat itself." (internal quotations omitted)). Accordingly,

the plaintiffs request that the Court take judicial notice that they spent between 25% and 90% of their time operating cranes.

## IV

In this case, the Fifth Circuit previously determined on appeal in *this* case that operating a liftboat's crane is not seaman's work for purposes of the FLSA. *See, Adams, LLC*, 15 F.4th at 375 ("Accordingly, we hold that the plaintiffs' crane operation was not seaman work for purposes of the FLSA exemption."). Following remand, the Court has entered numerous orders expressly recognizing that, based on the law of the case, operating a liftboat's crane is not seaman's work is not seaman's work for purposes of the FLSA. Accordingly, the plaintiffs request that the Court take judicial notice that operating a liftboat's crane is not seaman's work is not seaman's work for purposes of the FLSA.

\*   \*   \*

For these reasons, Plaintiffs request that the Court take judicial notice of the facts identified above under Fed. R. Evid. 201.

– 4 –

| Respectfully Submitted, | Respectfully Submitted, |
|---|---|
| LUNDY, LUNDY, SOILEAU & SOUTH, LLP | MOORE & ASSOCIATES |
| 501 Broad Street | 440 Louisiana Street, Suite 1110 |
| Lake Charles, Louisiana 70601 | Houston, Texas 77002-1063 |
| Telephone: (337) 439-0707 | Telephone: (713) 222-6775 |
| Facsimile: (337) 439-1029 | Facsimile: (713) 222-6739 |
| By: s/ Matthew E. Lundy | By: s/ Curt Hesse |
| Matthew E. Lundy | Curt Hesse |
| La. Bar Roll No. 18988 | Tex. Bar. No. 24065414 |
| **ATTORNEYS FOR PLAINTIFFS** | **ATTORNEYS FOR PLAINTIFFS** |

## CERTIFICATE OF SERVICE

As required by Fed. R. Civ. P. 5(a)(1), I certify that I served a copy of this document on all parties or their attorney(s) of record—who are listed below—in accordance with Fed. R. Civ. P. 5(b) as follows:

Mr. Armin J. Moeller, Jr.
amoeller@balch.com
BALCH & BINGHAM LLP
188 E. Capitol Street, Suite 1400
Jackson, Mississippi  39201
Fax (601) 961-4466
*Attorneys for All Coast, LLC*
- ☐ mail
- ☐ personal delivery
- ☐ leaving it at ☐ office ☐ dwelling
- ☐ leaving it with court clerk
- ☐ electronic means
- ☐ other means
- ☒ CM/ECF system

Mr. Matthew A. Moeller
matthew@moellerfirm.com
THE MOELLER FIRM LLC
650 Poydras Street, Suite 1207
New Orleans, Louisiana  70130
Fax (504) 702-6783
*Attorneys for All Coast, LLC*
- ☐ mail
- ☐ personal delivery
- ☐ leaving it at ☐ office ☐ dwelling
- ☐ leaving it with court clerk
- ☐ electronic means
- ☐ other means
- ☒ CM/ECF system

| December 6, 2024 | s/ Curt Hesse |
|---|---|
| Date | Curt Hesse |