UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| WILLIAM ADAMS | CIVIL ACTION NO. 6:16-CV-01426 |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| ALL COAST, LLC | MAGISTRATE JUDGE DAVID J. AYO |

## PRE-TRIAL ORDER

| | |
|---|---|
| Trial Date: | January 6, 2025, at 9:30 a.m. |
| Pretrial Conference Date: | December 17, 2024, at 2:00 p.m. |
| Type of Trial: | Jury trial |
| Estimated Length of Trial: | 3 days |
| Trial Attorney Attending: | Party/Claim Represented: |

**Attorneys for Class Plaintiffs**

*/s/ Curt Hesse*
MOORE & ASSOCIATES
Melissa Moore
Tex. Bar No. 24013189
Curt Hesse
Tex. Bar No. 24065414
Lyric Centre
440 Louisiana Street, Suite 1110
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**Attorneys for Defendant All Coast, LLC**

| | |
|---|---|
| **THE MOELLER FIRM, LLC** | **BALCH & BINGHAM LLP** |
| | |
| */s/ Matthew A. Moeller* | */s/ Armin J. Moeller, Jr.* |
| Matthew A. Moeller (#29991) | Armin J. Moeller, Jr. (#9523) |
| matthew@moellerfirm.com | Ashley Eley Cannady (Pro Hac Vice) |
| David K. Smith (#35325) | 188 E. Capitol Street, Suite 1400 |
| david@moellerfirm.com | Jackson, MS 39201 |
| Kassie L. Richbourg (#37521) | Telephone: (713) 222-6775 |
| kassie@moellerfirm.com | Facsimile: (713) 222-6739 |
| 650 Poydras Street, Suite 2516 | amoeller@balch.com |
| New Orleans, LA 70130 | |
| Telephone: (504) 702-6794 | |
| Facsimile: (504) 702-6783 | |

1. **Jurisdictional Basis**

Class Plaintiffs assert their causes of action against Defendants All Coast, LLC pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201-219 (the "FLSA"). "). Therefore, the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because the Plaintiffs' claims arise under the FLSA, a federal statute. The parties do not dispute jurisdiction.

2. **Claims and Responses**

   **A) Class Plaintiffs**

Class Plaintiffs were employed by All Coast and were paid on a day-rate basis. They usually worked for fifteen (15) days (a "hitch") and then had thirteen (13) days off. A typical hitch ran from Wednesday to Wednesday, and a typical workday was twelve (12) to thirteen (13) hours (but the actual hours worked were not recorded by All Coast). And although they worked more than forty (40) hours during at least two (2) weeks out of every month, neither Adams nor those

whom he represents received overtime at one and one-half times their regular rates of pay. Adams also claims that All Coast willfully violated the law.

**B) Defendant All Coast, LLC**

All Coast operates a fleet of liftboats that its customers charter to provide various transportation services to offshore oil and gas companies in the Gulf of Mexico. The plaintiffs are able-bodied and ordinary seamen, deckhands, and mates who are permanently assigned, vessel-based, licensed mariners who all eat and sleep on the ship and are answerable to the captain. As part of the licensing process, the plaintiffs received navigation training, and all would, from time to time, take the wheel of the liftboat for periods lasting up to many hours. In addition to navigation duties, the plaintiffs performed a vast array of fully integrated duties daily. One of the plaintiffs' many fully integrated duties was crane operation. The crane is used to transport equipment, cargo, and personnel between the liftboat and the dock, the liftboat and offshore platforms, and the liftboat and another vessel.

Crane operation, like all vessel-based work, is difficult to standardize. For example, there could be times when a plaintiff was in the crane cab on standby waiting to make a lift. This period could last from minutes to hours. There could also be other times when the crane had equipment locked in place, and the plaintiff operating the crane could get out of the cab and be on standby to ensure everything was safe. This period could last from a couple of hours to a couple of days. Furthermore, while operating the crane, a plaintiff could be called immediately to do something else and have someone else take over the crane. The plaintiffs never timed themselves or recorded their time operating the crane and cannot discern from their payroll records, merchandise service orders, or vessel logs how much time they spent operating the crane daily. Other than their general,

non-specific, uncorroborated, and self-serving testimony of events between seven and ten years ago, they have no evidence regarding how much time they spent operating the crane.

I. **The Fair Labor Standards Act and the seaman's exemption**

The FLSA generally requires covered employers to pay overtime compensation to employees who work more than 40 hours per workweek. 29 U.S.C. § 207. However, the FLSA exempts from its requirements "any employee employed as a seaman." 29 U.S.C.§ 213(b)(6). The FLSA's exemptions were designed to apply to a kind of work that was difficult to standardize and could not be easily spread to other workers after 40 hours in a week, making compliance with the overtime provisions difficult and generally precluding the potential job expansion intended by the FLSA's time-and-a-half overtime premium. *Coffin v. Blessey Marine Servs., Inc.*, 771 F.3d 276, 284 (5th Cir. 2014) (quoting *Christopher v. SmithKline Beecham Corp.*, 567 U.S. 142, 166 (2012)).

The FLSA does not define the term "seaman." However, the Fifth Circuit relies upon the Department of Labor's ("DOL") regulations to define seaman. *Id.* at 279. A seaman is an employee who "performs, as master or subject to the authority, direction, and control of the master aboard a vessel, service which is rendered primarily as an aid in the operation of such vessel as a means of transportation, provided he performs no substantial amount of work of a different character." 29 C.F.R. § 783.31. The regulations further provide that other work is substantial if it occupies more than 20% of an employee's time during the workweek. 29 C.F.R. § 783.37. However, the 20% rule should not be rigidly applied, for it can create an absurd result, as in the case of an employee who worked primarily at sea but would qualify as a non-seaman because he spent more than 20%

of his time performing loading and unloading duties at port.[1] *Owens v. SeaRiver Maritime, Inc.*, 272 F.3d 698, 702, n. 5 (5th Cir. 2001).

The regulations emphasize flexibility, indicating that the term's meaning is governed by the context in which it is used and the purpose of the statute in which it is found. 29 CFR § 783.29(c). The court must evaluate an employee's duties based on the character of the work he actually performs and not on what it is called or the place where it is performed. *Id.* § 783.33. Recently, in *Rest. L. Ctr. v. United States Dep't of Lab.,* 115 F.4th 396 (5th Cir. 2024), this Circuit rejected an 80/20 rule because it attempted to answer the question posed by the DOL, not the FLSA; the FLSA asks whether someone is "employed as a seaman," not whether certain duties that can be parsed out based on DOL regulations constitute seaman's work. 29 U.S.C.§ 213(b)(6)

## II.  Plaintiffs have no evidence to support their claims[2]

Plaintiffs' claims that they spent over 20% of their time operating the crane are unsupported. For example, when shown a document from his hitch that reflected that the crane was used for fourteen-and-a-half of twenty-four hours, plaintiff Lionel Jones after generally referring to a "crane log," testified that he did not recall timing himself. When a document reflecting crane activity from 0600 to 0730 was shown, plaintiff Anthony Dixon was asked if he operated the crane on that day. Dixon testified, "I have no idea." When shown numerous pages of documents reflecting wireline work, which presumably requires a crane, and asked whether there was evidence from the documents that the crane was used, much less how much time he spent operating it, Dixon testified, "there is no evidence . . . "

---

[1] Given the Supreme Court's decision in *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024), and this Circuit's decision in *Rest. L. Ctr. v. United States Dep't of Lab.*, 115 F.4th 396 (5th Cir. 2024), the future legitimacy of this and other regulations is questionable.

[2] The Plaintiffs object to the All Coast's suggestion that they need to prove anything vis-à-vis its FLSA exemption defense or to otherwise negate it.

Similarly, when shown a vessel log with entries that reflected possible crane operation on January 8, 2016, and asked if he operated the crane, Plaintiff Joe Adams testified, "I have no idea. I cannot answer that question because I do not remember that day." Finally, William Adams, the lead Plaintiff, when asked if he had any evidence other than his testimony to support his claim that he was "in charge" of operating the crane 85% to 90% of the time, he responded, "No, I don't." This imprecise, self-serving, and wholly unsupported testimony regarding the time the plaintiffs spent operating the crane is insufficient for plaintiffs to prove an FLSA violation. Furthermore, many of the merchandise service orders and daily liftboat logs do not even mention the word "crane", and Joe Adams testified that if the word crane is not on the document, the crane was not used.

**3.     Issues of Fact and Issue of Law**

   **A) Class Plaintiffs**

   1) Whether during each week they worked, at least 80 percent of the work performed by the Plaintiffs related primarily to the operation of a vessel as a means of transportation and that they performed no substantial amount of work of a different character? (This is an issue on which All Coast has the burden of proof.)

   2) Whether All Coast knew or showed a reckless disregard for whether its conduct violated the FLSA?

   3) Whether the Plaintiffs are exempt under 29 U.S.C. § 213(b)(6)? (This is an issue on which All Coast has the burden of proof.) – Objection All Coast – the plaintiffs must first prove a violation of the FLSA.

   4) Whether the FLSA's 3-year statute of limitation applies?

   5) Whether the Court should use a granulated jury instruction?

   6) If the seaman exemption does not apply, the amount of unpaid overtime due.

B) **Defendant All Coast, LLC**[3]

1) Is the time that the plaintiffs spent conducting a pre-use crane inspection considered "crane operation"?

2) Is the time the plaintiffs spent performing maintenance on the cranes considered "crane operation"?

3) Is the time the plaintiffs spent sitting in the crane waiting for a boat to get in a position considered "crane operation"?

4) Is the time the plaintiffs spent sitting the crane cab waiting to make a lift considered "crane operation"?

5) Is the time the plaintiffs spent sitting in the crane cab between lifts and transfers waiting on direction and authorization considered "crane operation"?

6) Is the time where the crane was locked in position holding equipment and the plaintiffs got out of the crane cab and did other things considered "crane operation"?

7) Is the time when the crane was locked in position holding equipment and the crane operator got out of the cab, was on standby, and monitored the situation considered "crane operation"?

8) Did the plaintiffs spend over 20% of their time operating the crane during any workweek?

9) If so, how many workweeks did the plaintiffs spend more than 20% of their time operating the crane?

10) If the plaintiffs were paid extra money that All Coast classified as "Crane OT" for some work weeks in which they worked more than 40 hours, should All Coast get a credit against potential damages? <span style="color:red">Objection Plaintiffs—statutory credits to overtime obligations are affirmative defenses on which All Coast has the burden of proof and which were never plead or even disclosed during the discovery process.</span>

11) Was crane operation as, determined by Fifth Circuit to be non-seaman work, their primary duty?

---

[3] The Plaintiffs object to All Coast's suggestion in items 1-9 that work related to crane operation could qualify them for the seaman exemption. The Plaintiffs object to All Coast's suggestion in item 8-9 and 11 that crane operations alone would disqualify them from the seaman exemption. The Plaintiffs object to All Coast's suggestion in items 8-9 and 11 that they have the burden of proof to negate the applicability of the seaman exemption.

7

12) Is the plaintiffs' primary duty the safe operation of the vessel?

4. **Stipulations**

1) The parties stipulate that the plaintiffs are Coast Guard Licensed mariners and vessel-based crewmembers who eat, sleep, and work on liftboats and are always answerable to the captain.

2) The parties stipulate that the plaintiffs' standard workday is a 12-hour day, a standard hitch is 14 days on the vessel, and 14 days off, and the plaintiffs are not paid when they are off hitch.

3) The parties stipulate that All Coast liftboats are Coast Guard-documented and inspected vessels.

4) The parties stipulate that the plaintiffs were paid on a day-rate basis.

5) The parties stipulate that since All Coast considered all Coast Guard licensed, vessel-based crewmembers to be seaman exempt for FLSA it did not track the number of hours worked each day by the plaintiffs.

5. **Will Call Witnesses**

A) **Class Plaintiffs**

None

B) **Defendant All Coast, LLC**

1) Byron Allemand
   All Coast President and COO
   151 Southpark Rd., 3rd Floor
   Lafayette, LA
   Phone: 337-560-8000

Facts and circumstances regarding Class Plaintiffs' claims and the facts alleged.

2) Captain Matthew Daves
   All Coast Captain
   4600 Wade Drive
   Metairie, LA 70003

Facts and circumstances regarding Class Plaintiffs' claims and the facts alleged.

3) Captain Josh Norman
   All Coast Captain
   428 South Evangeline Street
   New Iberia, LA 70560

Facts and circumstances regarding Class Plaintiffs' claims and the facts alleged.

6. **May Call Witnesses**

   **A) Class Plaintiffs**

   William Adams
   Joe Adams
   Christopher Benjamin
   Bobby Blackwell
   Jamyson Cochran
   Syronne Coney
   Anthony Dixon
   Ernest Dugas
   Randy Dugas
   Richard Flores
   Jerry Grissett
   Jermiah Johnson
   Broderick Key
   Michael Little, III
   Jesse Luno
   Tyrone Mack, Jr
   Daylan Marks
   Mykajon Maze
   Codey Miques
   Vu Nguyen
   Calvin Oliva
   William Pillion
   Timothy Pippen
   Virgil Sam, Jr.
   Christopher Tensley
   Jawuan Thibodeaux
   Tommie Thomas
   Richard Zirlott
   Elias Abdo
   Ricky Banks
   Everette Barlow
   Terance Dauphine
   Virgil Harris
   Lionel Jones

  Ervin Thibodeaux
  Chris Whittington
  Lionel Jones
  Tyrone Mack
  Christopher Robinson
  Christopher Sims
  Virgil Sam, Sr.
  Through Counsel:
  Curt Hesse
  Moore & Associates
  440 Louisiana Street, Suite 1110
  Houston, TX 77002

 **B) Defendant All Coast, LLC**

 All witnesses listed by plaintiffs as "May Call Witnesses."

7. **Exhibits**

   1) All Coast Captain, Mate, Seaman (O/S and A/B) and Deckhand Job Descriptions

   2) Photographs of the L/B Bull Shark and L/B Great White

   3) Merchandise Service Orders and Daily Liftboat Logs reflecting hitches of Capt. Matt Daves

   4) Merchandise Service Orders and Daily Lift Boat Logs reflecting hitches of Capt. Josh Norman

   5) William Adams Personnel File Materials

   6) Joe Adams Personnel File Materials

   7) Anthony Dixon Personnel File Materials

   8) Christopher Robinson Personnel File Materials

   9) Syronne Coney Personnel File Materials

   10) Lionel Jones Personnel File Materials

   11) Merchandise Service Orders and Daily Liftboat Logs reflecting hitches of Joe Adams

   12) Merchandise Service Orders and Daily Liftboat Logs reflecting hitches of Anthony Dixon

13) Merchandise Service Orders and Daily Liftboat Logs reflecting hitches of Christopher Robinson
14) Merchandise Service Orders and Daily Liftboat Logs reflecting hitches of Syronne Coney
15) Merchandise Service Orders and Daily Liftboat Logs reflecting hitches of Lionel Jones
16) Practical Skill 15.0—Crane Operations (All Coast 000290)
17) Liftboat Photographs
18) All Coast Website (www.allcoastllc.com)
19) Job Tickets (All Coast 000071-000235)
20) All Coast USCG Reference Guide (All Coast 000087)
21) All Coast Training and Competency Assurance Manual Liftboat Promotion Assessment Policy (All Coast 000012-000019)
22) All Coast Liftboat Minimum Operating Standards Manual (All Coast 000079-000086)
23) All Coast Training Matrix (All Coast 000088)
24) All Coast Human Resources Manual Fit for Duty Policy (All Coast 000089-000092)
25) All Coast Training and Competency Assurance Manual Orientation (All Coast 000112-000114)
26) All Coast Safety Orientation Checklist for New Hire (All Coast 000115)
27) All Coast Application for Employment Forms (All Coast 000353-000360)
28) Any response to a request for admission, interrogatory, or request for production
29) Any document needed for impeachment
30) Any exhibit to any deposition
31) Any exhibit listed by any other party
32) Any deposition of a will call witness that fails to appear at trial.

**8. Objections to Witness and Exhibit Lists**

    **A) Class Plaintiffs**

Plaintiffs object to the wholesale admission of "any exhibit to any deposition" into evidence.

    **B) Defendant All Coast, LLC**

All Coast reserves its right to object. The plaintiffs have not produced exhibits as of this filing.

All Coast objects to the witnesses in listed as "May Call" by Plaintiffs who are undeposed and who may not actually be a current member of the class.

**9. Counsel Affirmations**

| | |
|---|---|
| _____ | _____ |
| (Date) | (Signature of Counsel) |
| | |
| _____ | _____ |
| (Date) | (Signature of Counsel) |
| | |
| _____ | _____ |
| (Date) | (Signature of Counsel) |