## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

| | |
|---|---|
| **WILLIAM ADAMS** | **CIVIL ACTION NO. 6:16-cv-01426-RRS-DJA** |
| **VERSUS** | |
| **ALL COAST, LLC** | **JUDGE ROBERT SUMMERHAYS** |
| | **MAGISTRATE JUDGE DAVID J. AYO** |

## JOINT PROPOSED JURY INSTRUCTIONS

Plaintiff William Adams, and those similarly situated, and Defendant All Coast, LLC respectfully submit the following Proposed Jury Instructions, to be read to the jury following the presentation of evidence, and Jury Interrogatories for the trial of this matter beginning on January 6, 2025:

## A) ADAMS' PROPOSED JURY CHARGES AND INTERROGATORIES

## JURY INSTRUCTION NO. 1

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict. You should consider all of the

instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard, and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

Authority: 5th Cir. Pattern Jury Ins. 3.1.

## JURY INSTRUCTION NO. 2

Defendant All Coast, LLC has the burden of proving its defenses by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Defendant All Coast, LLC has failed to prove any element of its defense by a preponderance of the evidence, then it may not prevail on that defense.

Authority: 5th Cir. Pattern Jury Ins. 3.2.

**JURY INSTRUCTION NO. 3**

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

Certain charts and summaries have been shown to you solely to help explain or summarize the facts disclosed by the books, records, and other documents that are in evidence. These charts and summaries are not evidence or proof of any facts. You should determine the facts from the evidence.

Exhibit [specify] is an illustration. It is a party's [description/picture/model] used to describe something involved in this trial. If your recollection of the evidence differs from the exhibit, rely on your recollection.

Authority: 5th Cir. Pattern Jury Ins. 3.3; 5th Cir. Pattern Jury Ins. 2.7 (charts and summaries); 5th Cir. Pattern Jury Ins. 2.8 (demonstrative evidence).

**JURY INSTRUCTION NO. 4**

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case,

that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves. Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

Authority: 5th Cir. Pattern Jury Ins. 3.4.

## **JURY INSTRUCTION NO. 5**

The plaintiffs claim that Defendant All Coast, LLC did not pay them the overtime pay required by the federal Fair Labor Standards Act, also known as the FLSA. Defendant All Coast, LLC denies the plaintiffs' claims and contends that they are exempt from overtime pay under the FLSA's exemption for employees employed as seamen (called the "seaman exemption").

It is unlawful for an employer to require an employee covered by the FLSA to work more than 40 hours in a workweek without paying overtime. In this case, Defendant All Coast, LLC claims that it is exempt from the FLSA's overtime provisions. To establish that it is exempt, Defendant All Coast, LLC must prove each of the following facts by a preponderance of the evidence: Seaman Exemption: For the seaman exemption to apply, Defendant All Coast, LLC

must show by a preponderance of the evidence: (1) that, during each week they worked, at least 80 percent of the work performed by the plaintiffs was subject to the authority, direction and control of the master aboard a vessel; (2) that, during each week they worked, at least 80 percent of the work performed by the plaintiffs related primarily to the operation of a vessel as a means of transportation and that they performed no substantial amount of work of a different character and (3) during each week they worked, the plaintiffs worked on a vessel documented or numbered under the laws of the United States.

Whether the seaman exemption applies to an employee depends on the work the employee actually does and not on what it is called or the place where it is performed; it also does not matter that the employer and employee may have agreed that the employee is exempt. Merely because one works aboard a vessel or may be called a seaman or performs some maritime duties, one is not exempt unless one's services are rendered primarily as an aid in the operation of the vessel as a means of transportation, as for example services performed substantially as an aid to the vessel in navigation.

The term "seaman" can include members of the crew such as sailors, engineers, radio operators, firemen, pursers, surgeons, cooks, and stewards but only if their service is of the type previously explained. An employee employed as a seaman does not lose his status as such simply because, as an incident to such employment, he performs some work not connected with operation of the vessel as a means of transportation, such as assisting in the loading or unloading of freight at the beginning or end of a voyage, if the amount of such work is not substantial.

The term "seaman" does not include concessionaires and their employees aboard a vessel ordinarily who do not perform their services subject to the authority, direction, and control of the master of the vessel, except incidentally, and whose services are ordinarily not rendered primarily

as an aid in the operation of the vessel as a means of transportation. It also does not include employees on floating or other equipment who are engaged in the construction of docks, levees, revetments or other structures, and employees engaged in dredging operations or in the digging or processing of sand, gravel, or other materials because they are more in industrial or excavation work than in shipwork. Thus, "captains" and "deck hands" of launches whose dominant work is industrial activity performed as an integrated part of harbor dredging operations and not in furtherance of transportation are not exempt. Furthermore, making repairs to vessels between voyages is not exempt work. For many of the same reasons, stevedores and longshoremen are not exempt. And stevedores or roust-abouts traveling aboard a vessel from port to port whose principal duties require them to load and unload the vessel in port would also not be exempt even though during the voyage they may perform from time to time certain services of the same type as those rendered by other employees who would be exempt.

Exemptions, including the seaman exemption, are determined on a workweek basis. In this case, it has already been determined that, when they were operating cranes on Defendant All Coast, LLC's liftboats, the plaintiffs were not engaged in exempt work and that the plaintiffs spent between 25% and 90% of their day operating cranes on Defendant All Coast, LLC's liftboats. – Objection All Coast – this is not appropriate for a jury charge as it was a summary judgment finding viewing the evidence in the light most favorable to the plaintiffs.

If you find in favor of the Plaintiffs, you must determine whether Defendant All Coast, LLC's failure to comply with the FLSA was willful. In order for the Plaintiffs to establish that Defendant All Coast, LLC's failure to comply with the FLSA was willful, they must prove, by a preponderance of the evidence, that Defendant All Coast, LLC knew or showed reckless disregard for whether its conduct was prohibited by the FLSA. Evidence of willfulness includes, but is not

limited to, the following: (1) admissions that Defendant All Coast, LLC knew its method of payment violated the FLSA; (2) continuation of a pay practice without further investigation after being put on notice that the practice violated the FLSA; (3) earlier violations of the FLSA that would put Defendant All Coast, LLC on actual notice of the requirements of the FLSA; (4) failure to keep accurate or complete records, including hours worked and (5) prior internal investigations which revealed similar violations. Conversely, simply failing to seek legal advice concerning a particular pay practice is not evidence of willfulness. Nor is evidence solely that Defendant All Coast, LLC acted negligently or held an unreasonable interpretation of the FLSA sufficient to show willfulness.

<span style="color:red">– Objection All Coast – As no citation to authority is included, All Coast objects to the extent that this is not the exact wording of the applicable authority.</span>

Evidence will now be presented to you in the form of admissions to the truth of certain facts. These admissions were given in writing before the trial, in response to requests that were submitted under established court procedures. You must treat these facts as having been proved. Defendant All Coast, LLC has admitted that, during the relevant time period, it was covered by the FLSA and [state other responses to requests for admission].

Evidence will now be presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand. Defendant All Coast, LLC has state that, during the relevant time period, [state responses to interrogatories].

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat the fact as having been proven here in court. The attorneys have stipulated that [state the facts].

Authority: 5th Cir. Pattern Jury Ins. 11.2; 5th Cir. Pattern Jury Ins. 2.3 (stipulations of fact); 9th Cir. Pattern Jury Ins. 2.12 (use of requests for admission); 9th Cir. Pattern Jury Ins. 2.11 (use of interrogatories); Fed. R. Civ. P. 33; Fed. R. Civ. P. 36; 29 C.F.R. § 776.4(a) (workweek standard); 29 C.F.R. § 778.104 (same); 29 C.F.R. §§ 783.0-783.51 (seaman exemption generally); 29 C.F.R. § 783.31 (criteria for seaman exemption); 29 C.F.R. § 783.32 ("seaman" includes crewmembers); 29 C.F.R. § 783.33 (job title alone insufficient); 29 C.F.R. § 783.34 (employees aboard vessels who are not "seamen"); 29 C.F.R. § 783.37 (non-seaman's work substantial if it occupies more than 20 percent of the employee's working time) – Objection All Coast – The Fifth Circuit has already rejected a similar 80/20 rule in *Rest. L. Ctr. v. United States Dep't of Lab.*, 115 F.4th 396 (5th Cir. 2024); moreover, the regulations emphasize flexibility under *Owens v. SeaRiver Maritime, Inc.*, 272 F.3d 698, 702, n. 5 (5th Cir. 2001) since they could lead to an absurd result.; 29 C.F.R. §§ 783.43, 783.48-743.50 (seaman exemption determined on workweek basis); U.S. Dep't Lab., Wage & Hour Div., Op. Letter No. FLSA2006-44 (Nov. 30, 2006) (discussing seaman exemption); U.S. Dep't Lab., Field Operations Handbook §§ 24k04-24k05; *Adams v. All Coast, LLC*, 15 F.4th 365, 375-76 (5th Cir. 2021) ("[W]e hold that the plaintiffs' crane operation was not seaman work for purposes of the FLSA exemption."); id. at 368 ("All told, the district court found that the plaintiffs 'spent between 25% and 90% of their day operating the crane."); – Objection All Coast – this is not appropriate for a jury charge as it was a summary judgment finding viewing the evidence in the light most favorable to the plaintiffs. id. at 370  (same); *Sec'y Lab. v. Daylight Dairy Prods*, 779 F.2d. 784, 787 (1st Cir. 1985) ("The Secretary, however, determines whether

the executive exemption applies on a week-by-week basis[.]"); *Bingham v. Jefferson Cnty., Tex.*, No. 1:11-cv-48, 2013 U.S. Dist. LEXIS 45826, at *45-*46 (E.D. Tex. Mar. 1, 2013) (discussing willfulness, collecting cases).

**<u>JURY INSTRUCTION NO. 6</u>**

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a presiding juror to guide you in your deliberations and to speak for you here in the courtroom. Your verdict must be unanimous. After you have reached a unanimous verdict, your presiding juror must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the presiding juror should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question. You may now proceed to the jury room to begin your deliberations.

Authority: 5th Cir. Pattern Jury Ins. 3.7.

## JURY QUESTION NO. 1

Defendant All Coast, LLC has the burden of proof on this question. Has Defendant All Coast, LLC proved by a preponderance of the evidence that, during each week they worked, at least 80 percent of the work performed by any of the plaintiffs related primarily to the operation of a vessel as a means of transportation and that they performed no substantial amount of work of a different character?

Answer "Yes" or "No": _____.

If your answer is "No", proceed to Jury Question No. 2. The presiding juror should sign the verdict certificate on the last page. If your answer is "Yes", identify the Plaintiffs for whom Defendant All Coast, LLC has met its burden as to this question:

☐ William Adams

☐ Joe Adams

☐ Christopher Benjamin

☐ Bobby Blackwell

☐ Jamyson Cochran

☐ Syronne Coney

☐ Anthony Dixon

- [ ] Ernest Dugas
- [ ] Randy Dugas
- [ ] Richard Flores
- [ ] Jerry Grissett
- [ ] Jermiah Johnson
- [ ] Broderick Key
- [ ] Michael Little, III
- [ ] Jesse Luno
- [ ] Tyrone Mack, Jr.
- [ ] Daylan Marks
- [ ] Mykajon Maze
- [ ] Codey Miques
- [ ] Vu Nguyen
- [ ] Calvin Oliva
- [ ] William Pillion
- [ ] Timothy Pippen
- [ ] Virgil Sam, Jr
- [ ] Christopher Tensley
- [ ] Jawuan Thibodeaux
- [ ] Tommie Thomas
- [ ] Richard Zirlott
- [ ] Elias Abdo
- [ ] Ricky Banks

☐ Everette Barlow

☐ Terance Dauphine

☐ Virgil Harris

☐ Lionel Jones

☐ Ervin Thibodeaux

☐ Chris Whittington

☐ Lionel Jones

☐ Tyrone Mack

☐ Christopher Robinson

☐ Christopher Sims

☐ Virgil Sam, Sr.

Proceed to the next question.

All Coast objects to any plaintiff listed here who have been undeposed in this case or those who may not actually be current members of the class.

## JURY QUESTION NO. 2

The Plaintiffs have the burden of proof on this question. Have the Plaintiffs proved by a preponderance of the evidence that Defendant All Coast, LLC knew that its conduct was prohibited by the FLSA or showed reckless disregard for whether the FLSA prohibited its conduct?

Answer "Yes" or "No": _____.

This concludes your deliberations. The presiding juror should sign the verdict certificate on the next page.

## VERDICT CERTIFICATE

We the jury have made the findings above and return them to the Court as our verdict.

Date:_____

Presiding Juror:_____

## B) ALL COAST'S PROPOSED JURY CHARGES AND INTERROGATORIES

### 1. Jury Charge

Members of the jury, it is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments

rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard, and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiffs or the defendant in arriving at your verdict.

Fifth Circuit Pattern Civil Jury Instructions 3.1 (2020).

## 2. **Burden of Proof: Preponderance of the Evidence**

The plaintiffs have the burden of proving their case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that the plaintiffs have failed to prove any element of their claim by a preponderance of the evidence, then they may not recover on that claim.

Fifth Circuit Pattern Civil Jury Instructions 3.2 (2020).

## 3. **Evidence**

The evidence you are to consider consists of the testimony of the witnesses, the documents, and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists.

As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

Fifth Circuit Pattern Civil Jury Instructions 3.3 (2020).

**4. <u>Stipulated Testimony</u>**

A "stipulation" is something that the attorneys agree is accurate. When there is no dispute about certain testimony, the attorneys may agree or "stipulate" to that testimony. Stipulated testimony must be considered in the same way as if that testimony had been received here in court.

Fifth Circuit Pattern Civil Jury Instructions 2.2 (2020).

**5. <u>Stipulations of Fact</u>**

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.

Fifth Circuit Pattern Civil Jury Instructions 2.3 (2020).

**6. <u>Charts and Summaries</u>**

Certain charts and summaries have been shown to you solely to help explain or summarize the facts disclosed by the books, records, and other documents that are in evidence. These charts and summaries are not evidence or proof of any facts. You should determine the facts from the evidence.

Fifth Circuit Pattern Civil Jury Instructions 2.7 (2020).

7. **Demonstrative Evidence**

Exhibit [number] is an illustration. It is a party's [description/picture/model] used to describe something involved in this trial. If your recollection of the evidence differs from the exhibit, rely on your recollection.

Fifth Circuit Pattern Civil Jury Instructions 2.8 (2020).

8. **Witnesses**

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

Fifth Circuit Pattern Civil Jury Instructions 3.4 (2020).

### 9. **Impeachment by Witness's Inconsistent Statements**

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

Fifth Circuit Pattern Civil Jury Instructions 2.11 (2020).

### 10. **No Inference from Filing Suit**

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit does not in any way tend to establish that claim and is not evidence.

Fifth Circuit Pattern Civil Jury Instructions 3.6 (2020).

### 11. **Bias—Corporate Party Involved**

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation, limited liability company, any other corporate entity  and all other persons are equal before the law and must be treated as equals in a court of justice.

Fifth Circuit Pattern Civil Jury Instructions 2.16 (2020).

**12. <u>Fair Labor Standards Act (FLSA) (29 U.S.C. §§ 201, *et seq.*)</u>**

The plaintiffs claim that Defendant All Coast, LLC did not pay them the overtime pay required by the federal Fair Labor Standards Act, also known as the FLSA.

Defendant All Coast, LLC denies the plaintiffs' claims and contends they were exempt from overtime pay under the FLSA's seaman's exemption because they cannot prove how much time they spent on non-exempt work.

It is unlawful for an employer to require an employee covered by the overtime provision of the FLSA to work more than 40 hours in a workweek without paying overtime.

To succeed on the claim, the plaintiffs must prove each of the following facts by a preponderance of the evidence:

1.    They were employees of Defendant All Coast, LLC during the relevant period;

2.    They were engaged in commerce or in the production of goods for commerce or employed by an enterprise engaged in commerce or in the production of goods for commerce that had gross annual sales of at least $500,000.00 for [specify year]; and

3.    Defendant All Coast, LLC failed to pay the overtime pay required by law.

Fifth Circuit Pattern Civil Jury Instructions 11.24(B) (2020).

**13. <u>FLSA Overtime Claim</u>**

The FLSA requires an employer to pay an employee at least one-and-one-half times the employee's "regular rate" for time worked over 40 hours in a workweek. A "workweek" is a regularly recurring period of seven days or 168 hours. The phrase "hours worked" includes all time spent by an employee that was primarily for the benefit of the employer or the employer's business. If an employee works more than 40 hours in one workweek, the employer must pay the

employee the overtime rate of 1.5 times the regular rate for the time he worked after the first 40 hours. This is commonly known as "time-and-a-half pay" for overtime work.

To calculate how much overtime pay the plaintiffs earned in a particular week, multiply their regular pay rate by one-and-one-half times the regular rate for all hours worked over 40 in that week.

Fifth Circuit Pattern Civil Jury Instructions 11.24(B) (2020).

In this case, however, the parties have stipulated that Defendant All Coast, LLC paid the plaintiffs their regular rate of pay for all hours worked, including all hours over 40 hours per week. Therefore, to calculate how much overtime the plaintiffs may be owed multiply the number of hours the plaintiffs worked over 40 hours in that week by half of each Plaintiff's regular rate.

### 14. <u>FLSA Overtime Claim with Credit Due</u>

A written or unwritten employment contract, agreement, understanding, handbook, policy, or practice may provide for the payment of overtime compensation for hours worked in excess of 8 per day or 40 per week. If the payment of such overtime compensation is in fact contingent upon the employee's having worked in excess of 8 hours in a day or in excess of 168 hours in a workweek as the weekly maximum and such hours are reflected in an agreement or by established practice, the extra premium compensation paid for the excess hours is excludable from the "regular rate" definition and may be credited toward statutory overtime payments. Objection Plaintiffs— credits are affirmative defenses and they were not plead in this case.

29 C.F.R. § 778.202(a).

### 15. <u>Records of Hours Worked</u>

The law requires an employer to keep records of how many hours its employees work and the amount they are paid. In this case, the plaintiffs claim that Defendant All Coast, LLC failed to

keep and maintain adequate records of his hours and pay. The plaintiffs also claim that Defendant All Coast, LLC's failure to keep and maintain adequate records.

If you find that Defendant All Coast, LLC failed to keep adequate time and pay records for the plaintiffs and that the plaintiffs performed work for which they should have been paid, the plaintiffs may recover a reasonable estimation of the amount of his damages. But to recover this amount, they must prove by a preponderance of the evidence a reasonable estimate of the amount and extent of the work for which each seeks pay. However, All Coast, LLC had no duty to maintain records of hours worked for those workweeks in which All Coast, LLC correctly classified the plaintiffs as exempt seaman. Objection Plaintiffs—Plaintiffs object to the final sentence of this paragraph because it is inaccurate. Under 29 U.S.C. 211(c), an employer is required to keep time records if it is subject to "any provision" of the FLSA. There is no dispute that the Plaintiffs were subject to Section 206, the minimum wage requirements; All Coast was, therefore, required to keep records of the hours the plaintiffs worked.

Fifth Circuit Pattern Civil Jury Instructions 11.24(B) (2020).

**16. <u>FLSA Exemptions and Unpaid Overtime General Burden of Proof</u>**

The plaintiffs must prove four elements to make a prima facie case: "(1) that there existed an employer-employee relationship during the unpaid overtime periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime wage requirements; and (4) the amount of overtime compensation due". Each element must be proven by a preponderance of the evidence. If "the employee establishes a prima facie case, the burden then shifts to the employer to 'come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference

to be drawn from the employee's evidence.'" Objection Plaintiffs—the Plaintiffs object because this is superfluous, not part of the PJC and duplicative of prior instructions.

*Johnson v. Heckmann Water Res. (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014)

### 17. Seaman's Exemption (29 U.S.C. § 213(b)(6))

In this case, Defendant All Coast, LLC claims that the plaintiffs were exempt from the FLSA's overtime provisions under the seaman's exemption. To establish this exemption, Defendant All Coast, LLC must prove by a preponderance of the evidence that the plaintiffs were employed as seamen. FLSA exemptions must be given a "fair reading" and cannot be narrowly construed against an employer. Objection Plaintiffs—the Plaintiffs object because this is superfluous, not part of the PJC and duplicative of prior instructions and legally incorrect.

Fifth Circuit Pattern Civil Jury Instructions 11.24(B) (2020).

*Coffin v. Blessey Marine Servs., Inc.*, 771 F.3d 276, 279 (5th Cir. 2014).

*Encino Motorcars, LLC v. Navarro*, 138 S. Ct. 1134, 1142 (2018)

### 18. Seaman's Exemption – Elements

If the plaintiffs establish a prima facia case, Defendant All Coast, LLC must prove by a preponderance of the evidence each of the following:

1.    The plaintiffs were subject to the authority, direction, and control of the master; and

2.    The Plaintiff's service was primarily to aid the vessel as a means of transportation, provided that he did not perform a substantial amount of different work.

The parties have stipulated the first element. You must, therefore, take as fact that Plaintiff William Adams was subject to the authority, direction, and control of the master.

The plaintiffs claim the second element is not met because they performed a substantial amount of crane operation which did not aid in the vessel as a means of transportation. You must

determine whether the crane operation performed was "substantial." Such differing work is substantial if it occupies more than 20% of the time worked by the employee during the workweek. However, the 20% rule should not be rigidly applied, for it can create an absurd result, as in the case of an employee who worked primarily at sea but would qualify as a non-seaman because he spent more than 20% of his time performing loading and unloading duties at port. The regulations emphasize flexibility, indicating that the term's meaning is governed by the context in which it is used and the purpose of the statute in which it is found.

To establish the second element, Defendant All Coast, LLC must prove by a preponderance of the evidence that Plaintiff William Adams did not perform crane work more than 20% of the time he worked during the workweek or whether the plaintiffs 'primary purpose' of each individual's work was safe navigation of the ship. *Halle v. Galliano Marine Serv., L.L.C.*, 855 F.3d 290, 294 (5th Cir. 2017). Objection Plaintiffs—the Plaintiffs object because this is superfluous and legally incorrect (for example, because it misstates the burden of proof.

Fifth Circuit Pattern Civil Jury Instructions 11.24(B) (2020).

*Coffin v. Blessey Marine Servs., Inc.*, 771 F.3d 276, 281 (5th Cir. 2014).

*Owens v. SeaRiver Maritime, Inc.*, 272 F.3d at 702, n. 5 (5th Cir. 2001).

29 C.F.R. § 783.31.

29 C.F.R. § 783.37.

29 CFR § 783.29(c)

### 19. **FLSA Damages**

If you find that Defendant All Coast, LLC violated the FLSA, then you must determine the amount of any damages. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Plaintiff William Adams has proved liability.

The amount of damages is the difference between the amount plaintiffs should have been paid and the amount they were actually paid. The plaintiffs are entitled to recover that difference for the two years before June 5, 2017, unless you find that Defendant All Coast, LLC either knew or showed reckless disregard for whether the FLSA prohibited its conduct. If you find that Defendant All Coast, LLC knew or showed reckless disregard for whether the FLSA prohibited its conduct, then the plaintiffs are entitled to recover that difference for three years before June 5, 2017. <span style="color:red">Objection Plaintiffs—the damages are a question of law per *Olibas v. Barclay*.</span>

Fifth Circuit Pattern Civil Jury Instructions 11.25(B) (2020).

## JURY QUESTION NO. 1

Have the plaintiffs established, by a preponderance of the evidence, the elements required to prove a prima facia case that All Coast violated the Fair Labor Standards Act?

Answer:        Yes _____        No _____

*If your answer is "No," do not answer the next question. The presiding juror should sign and date the verdict certificate on the last page and return it to the courtroom bailiff.*

*If your answer is "Yes," go to the next question.*

<span style="color:red">Objection Plaintiffs—the Plaintiffs object because this departs from the PJC.</span>

## JURY QUESTION NO. 2

Has Defendant All Coast, LLC proved by a preponderance of the evidence that the plaintiffs performed work that aided the vessel as a means of transportation at least 80% of the time during any given workweek?

Answer:        Yes _____        No _____

*If your answer is "Yes," do not answer the next question. The presiding juror should sign and date the verdict certificate on the last page and return it to the courtroom bailiff.*

*If your answer is "No," go to Question No. 3.*

## JURY QUESTION NO. 3

Has Defendant All Coast, LLC proved by a preponderance of the evidence that the plaintiffs primary duty was safe operation of the ship?

Answer:      Yes _____      No _____

*If your answer is "Yes," do not answer the next question. The presiding juror should sign and date the verdict certificate on the last page and return it to the courtroom bailiff.*

*If your answer is "No," go to Question No. 4.*

## JURY QUESTION NO. 4

Has Defendant All Coast, LLC proved by a preponderance of the evidence that the plaintiffs performed crane operation less than 20% of the time he worked during the workweek?

Answer:      Yes _____      No _____

*If your answer is "Yes," do not answer the next question. The presiding juror should sign and date the verdict certificate on the last page and return it to the courtroom bailiff.*

*If your answer is "No," go to Question No. 5*

Objection Plaintiffs—the Plaintiffs object because this misstates the law.

## JURY QUESTION NO. 5

Have the Plaintiffs proved by a preponderance of the evidence that Defendant All Coast, LLC either knew that its conduct was prohibited by the FLSA or that it showed reckless disregard for whether its conduct was prohibited by the FLSA?

Answer:      Yes _____      No _____

This concludes your deliberations. The presiding juror should sign and date the verdict certificate on the last page and return it to the courtroom bailiff.

# <u>VERDICT CERTIFICATE</u>

We the jury have made the findings above and return them to the Court as our verdict.

_____
Presiding Juror

_____
Date

Respectfully Submitted:

**BALCH & BINGHAM LLP**

_/s/ Armin J. Moeller, Jr._
Armin J. Moeller, Jr. (#9523)
Ashley Eley Cannady (*Pro Hac Vice*)
188 E. Capitol Street, Suite 1400
Jackson, MS 39201
Telephone: (713) 222-6775
Facsimile: (713) 222-6739
amoeller@balch.com

**ATTORNEYS FOR ALL COAST, LLC**

Respectfully Submitted:

**THE MOELLER FIRM LLC**

_/s/ Matthew A. Moeller_
Matthew A. Moeller (T.A. #29991)
matthew@moellerfirm.com
David K. Smith (#35325)
david@moellerfirm.com
Kassie Lee Richbourg (#37521)
kassie@moellerfirm.com
650 Poydras Street, Suite 2516
New Orleans, LA 70130
Telephone: (504) 702-6794
Facsimile: (504) 702-6783

**ATTORNEYS FOR ALL COAST, LLC**